Charles E. Jennings and Mary Ann Jennings, his wife *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General-Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*William P. Bresnahan,* with him *O'Donnell, Bresnahan, Caputo and Capristo,* for appellees.

OPINION BY JUDGE BLATT, October 20, 1978:

The Pennsylvania Department of Transportation (PennDOT) has appealed from an interlocutory protective order in limine of the Court of Common Pleas of Allegheny County which prohibited it from introducing evidence of less than a total de facto taking in an eminent domain proceeding involving property owned by Charles E. and Mary Ann Jennings (Jennings). We allowed the appeal pursuant to Pa.R.A.P. 1311.

On June 9, 1975, the Jennings petitioned the court below for the appointment of viewers, as permitted by Section 502(e) of the Eminent Domain Code,[1] (Code), 26 P.S. §1-502(e), alleging a de facto taking by PennDOT as a result of highway construction to the rear of their property. They alleged that the construction caused water damage, wall cracks, and structural shifting which rendered their house unsafe for occupancy. PennDOT filed preliminary objections to their peti-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

tion, and, after a hearing, Judge MICHAEL J. O'MALLEY issued an order dated January 20, 1976, which dismissed the preliminary objections, finding "that a de facto taking did occur on February 14, 1975," and which directed that the matter be referred to the Board of Viewers (Board) "for ascertainment of just compensation for the aforesaid de facto taking of the plaintiffs' property." No appeal was taken from this order, and the Board of Viewers subsequently conducted hearings on the amount of compensation to be awarded to the Jennings. During those hearings, the Jennings filed a Request for Conclusion of Law, asking the Board to conclude that the "entire property" was the subject of a de facto taking on February 14, 1975. In its report, the Board adopted the Jennings' request and found that the de facto taking of February 14, 1975 "passed title to the entire property on said date" and awarded them $20,750.00. PennDOT appealed from the award without making any specific objections to the report, and demanded a jury trial. On March 23, 1977 the case came to trial before Judge I. MARTIN WEKSELMAN and a jury was selected. PennDOT indicated that it would present evidence of the "cost to cure," the damage allegedly resulting from the highway construction, and the Jennings filed a motion for a protective order in limine asking that PennDOT be prohibited from introducing any evidence which would conflict with the determination that the entire property had been taken. This motion was granted by order of Judge WEKSELMAN on March 22, 1977, and we have allowed the interlocutory appeal from that order.

Judge WEKSELMAN stated in his opinion in support of the order that he believed that Judge O'MALLEY's January 20, 1976 order dismissing PennDOT's preliminary objections to the petition for the appointment

of viewers was binding upon him and that Judge O'MALLEY had decided that there was a total taking of the Jennings' property. When preliminary objections are made to a petition for the appointment of viewers, if the averments in the petition taken as true are sufficient to state a cause of action of de facto taking, the lower court may, without taking additional evidence, resolve the threshold legal issue of a de facto taking. *Stein v. Department of Transportation,* 24 Pa. Commonwealth Ct. 524, 357 A.2d 738 (1976); *Appeal of Ramsey,* 20 Pa. Commonwealth Ct. 210, 342 A.2d 124 (1975); *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972). We will note, however, that Judge O'MALLEY's order does not *clearly* state that the *entire* Jennings' property had been taken and that his opinion mentions both "taking" and "compensable damages." Nevertheless, we will affirm the granting of the protective order in limine because PennDOT took no specific objections to the report of the Board of Viewers, which *explicitly* found that there had been a total de facto taking.

Section 515 of the Code, 26 P.S. §1-515, provides in pertinent part:

> Any party aggrieved by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report. The appeal shall raise all objections of law or fact to the viewers' report.

Section 516, 26 P.S. §1-516, provides, further, that the appeal shall set forth "[o]bjections, if any, to the viewers' report, other than to the amount of the award." PennDOT raised no specific objections in its appeal from the Board's report, and it preserved only its right to a trial de novo. As we have held in *Kellman Fund v. Department of Transportation,* 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976), the purpose

of taking objections to the Board's report is to permit the trial court to *preliminarily* determine legal issues. PennDOT did *not* properly present the issue for the lower court's preliminary disposition, and the lower court may properly proceed on the Board's conclusion that there was a total de facto taking. We will, therefore, affirm.

ORDER

AND Now, this 20th day of October, 1978, the order of the Court of Common Pleas of Allegheny County is hereby affirmed.