George Conyer et al., Appellants *v.* Borough of Norristown and Borough Council of the Borough of Norristown, Appellees.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Norman Ashton Klinger,* for appellants.

*Paul C. Vangrossi,* for appellees.

OPINION BY JUDGE MACPHAIL, April 23, 1981:

George Conyer, Theodore. Hunsicker, Norman Tulone. and Daniel Abate (Appellants) appeal from an order of the Court of Common Pleas of Montgomery County[1] which affirmed the decision of the Borough of Norristown Civil Service Commission (Commission) that the Borough Council of Norristown (Borough Council) acted properly and in accordance with applicable law when it furloughed the Appellants for reasons of economy. We affirm.

Appellants were employed as police officers by the Borough of Norristown (Borough) when, on June 20, 1978, Borough Council passed a resolution providing that Appellants would be furloughed, effective June

___

[1] The order of the lower court was issued on May 20, 1980. Docket entries in the court below reveal that Appellants filed a motion for remand with the court on June 4, 1980. The court subsequently issued a rule to show cause why the motion should not be granted but *did not* suspend its order of May 20, 1980. Appellants, therefore, timely filed their notice of appeal to Commonwealth Court on June 18, 1980. Thereafter it is clear that the lower court lost all jurisdiction over the matter including Appellants' motion which requested a remand for consideration of the issue of retirement eligibility. *See* Pa. R.A.P. 1701(a). Since the issue was raised below but was not considered due to the court's refusal to suspend its order, the issue has not been waived. We will, accordingly, address the issue as if it had been properly raised and considered below.

23, 1978, for reasons of economy. Appellants received notice that they had been furloughed and appealed the action to the Commission. Pertinent to the instant appeal is the fact that at the initial hearing before the Commission, Appellants' attorney stipulated that each of the Appellants was eligible for retirement at the time they were furloughed.[2] After two hearings the Commission affirmed the action of the Borough Council. Appellants ultimately appealed to this Court.

The issues presently before us are, 1) whether the stipulation entered into before the Commission is valid and 2) whether the Borough Council may furlough police officers absent a finding that the officers are "unneeded."

The Appellants were furloughed pursuant to Section 1190 of the Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190, which provides in pertinent part:

> If for reasons of economy or other reasons it shall be deemed necessary by any borough to reduce the number of paid employes of the police or fire force, then such borough shall apply the following procedure: (i) if there are any employes eligible for retirement under the terms of any retirement or pension law, then such reduction in numbers shall be made by retirement of such employes, starting with the

---

[2] The stipulation in the record states as follows:

Mr. Vangrossi: Gentlemen, before we start, Mr. O'Hara [Appellants' counsel] has gratiously (sic) conceded to a stipulation that at the time Borough Council took this action the only member eligible for retirement was Sergeant Hunsicker and Officer Abate alone.

Mr. O'Hara: And the Chief. To make it accurate, all five were eligible for retirement.

Mr. O'Hara is not counsel of record for Appellants in the present appeal.

oldest employe and following in order of age respectively. . . .

Borough Council concluded that pursuant to this provision Appellants should be furloughed first.

Appellants argue that the stipulation entered into by their counsel before the Commission relative to their eligibility for retirement is invalid and that the matter should be remanded to the Commission, pursuant to the doctrine of primary jurisdiction, for determination of their eligibility. Appellants argue that the stipulation affects the jurisdiction and prerogative of the Commission, was inadvertently entered into, involves an area of important public policy and is such a key issue that the Appellants should not be precluded from seeking a judicial determination as to their eligibility. Each of these arguments must fail.

The general rule as to the binding effect of a stipulation is that the parties may stipulate the law of the case and be bound by their act in all matters which affect them so long as the stipulation does not affect the jurisdiction and prerogatives of the court. *George A. Fuller Co., Inc. v. City of Pittsburgh,* 15 Pa. Commonwealth Ct. 403, 327 A.2d 191 (1974) (parties may not stipulate the validity of a regulation) and *Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 163 A.2d 80 (1960) (parties may not stipulate more than the legal number of arbitrators). A stipulation is clearly not binding if the facts presented conflict therewith. *Burns v. Employers' Liability Assurance Corp., Ltd.,* 205 Pa. Superior Ct. 389, 209 A.2d 27 (1965). We cannot agree with Appellants that the stipulation here involved affects the prerogatives of the court nor do any facts in the record conflict with the stipulation.

Stipulations may not ordinarily be withdrawn by one party without the consent of the other. This is

especially true where, as here, the non-consenting party would be prejudiced by such a withdrawal. 83 C.J.S. *Stipulations* §30 (1953). We conclude that the stipulation is valid and binding on the parties to this appeal. Appellants' petition to remand is, accordingly, denied.[3]

Proceeding to the merits of the case, Appellants argue that Borough Council acted improperly when it furloughed them without first finding that their positions were "unneeded." Appellants base their argument on the following quote, which interprets a provision similar to Section 1190,[4] where we said that, " 'Reasons of economy' would include, in our judgment, a saving of money by removal of unneeded employees, regardless of the financial condition of the City." *Genes v. City of Duquesne,* 27 Pa. Commonwealth Ct. 620, 623, 367 A.2d 327, 329 (1976). Clearly, this language describes only one of many "reasons of economy" which might justify the removal of employees. A municipality which is suffering financial difficulties certainly may reduce the number of employees in its police force pursuant to Section 1190 without finding that the officers are "unneeded." We conclude that there is no standard requirement that employees be "unneeded" before they may be terminated for reasons of economy. "The only limitation imposed on the power of a municipality to act in the reduction of its police civil service work force for economy or other reasons is that it must act in good faith." *Kraftician v. Borough of Carnegie,* 35 Pa. Commonwealth Ct. 470, 473, 386 A.2d 1064, 1066

---

[3] Due to our resolution of this issue we need not address Appellants' argument relative to the doctrine of primary jurisdiction.

[4] The provision interpreted is Section 11 of the Act of May 31, 1933, P.L. 1108, *as amended,* 53 P.S. §39871 which relates to the reduction for reasons of economy of the number of firemen employed by cities of the third class.

(1978). Appellants have not argued that the Borough acted in bad faith and there is ample evidence in the record to demonstrate that the Borough Council furloughed Appellants due to budgetary constraints, thus demonstrating the Borough's good faith.

We, accordingly, affirm the order of the lower court.

ORDER

AND Now, this 23rd day of April, 1981, the order of the Court of Common Pleas of Montgomery County, dated May 20, 1980, No. 79-12287 is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.