Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Herman Yudacufski, Appellee.

610

Argued February 2, 1984, before Judges MAC-PHAIL, PALLADINO and BLATT, sitting as a panel of three.

*Andrew H. Cline,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Lewis Kates, Kates, Livesey & Mazzocone,* for appellee.

OPINION BY JUDGE BLATT, July 12, 1984:

The Department of Transportation (DOT) appeals here an order of the Court of Common Pleas of Delaware County. This case has been in litigation for approximately eighteen years and, not surprisingly, its history is somewhat complex.

Some time between 1964 and 1967, two parcels of land, which were owned by the appellee, Herman Yudacufski, were condemned by DOT. Pursuant to a petition filed by Yudacufski, a Board of View (Board) was appointed, which subsequently filed reports. Both parties appealed the Board's decision, raising various claims, and a trial was held in the Court of Common Pleas of Schuylkill County. A subsequent appeal was then taken from the common pleas court to this Court, which affirmed the decision, but our decision was in turn reversed by our Supreme Court, which also ordered a remand to the Court of Common Pleas of Schuylkill County with directions to grant a petition for change of venue. *Yudacufski v. Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982). A trial *de novo,* therefore, was scheduled to commence on

September 9, 1983 in the Court of Common Pleas of Delaware County, hereinafter the trial court. On June 3, 1983, however, DOT filed a petition in the trial court to modify in part and confirm in part the aforementioned report of the Board. From the trial court's order, the instant appeal ensued.

DOT contends that: (a) because Yudacufski failed to appeal the Board's findings concerning the area of property owned by the condemnee, the extent of the taking, and the date of the taking, the findings on these subjects are binding upon the parties at trial; and, (b) that the parcels of land in question were part of a "unity of use." Yudacufski argues, *inter alia,* that this appeal, prior to a trial *de novo,* is interlocutory and that we should dismiss this case for want of jurisdiction.

As to our jurisdiction, we note that the authority to review decisions from the Board is found in the following sections of the Eminent Domain Code (Code):

Section 515 of the Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-515 provides, in part, that:

Any party aggrieved by the decision of the viewers may appeal to the court of common pleas. The appeal shall raise all objections of law or fact to the viewers' report. The appeal shall be signed by the appellant or his attorney or his agent and no verification shall be required. Any award of damages or assessment of benefits, as the case may be, as to which no appeal is taken, shall become final as of course and shall constitute a final judgment.

Section 516 of the Code, 26 P.S. §1-516 provides, in part, that:

(a)   The appeal shall set forth:

. . . .

(4) Objections, if any, to the viewers' report, other than to the amount of the award.

Section 517 of the Code, 26 P.S. §1-517 provides, in part, that:

All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report shall constitute a final order.

In *Kellman Trust Fund v. Department of Transportation,* 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976), this Court construed the sections above quoted, noting preliminarily that *Kellman* has held these sections to reflect ". . . the desire of our General Assembly to lend simplification to the variety of appeal procedures once employed in the various separate statutes that concerned condemnation in the Commonwealth . . . [and] . . . the procedures set forth here were created to combine, in one proceeding designated as an 'appeal', *the former practices of filing exceptions as to questions of law and separate appeals as to questions of fact."* *Id.* at 110, 354 A.2d at 590 (emphasis added). Noteworthy in the opinion, however, was the Court's conclusion that the General Assembly had "not totally succeeded" in its endeavor. *Id.* at 110, 354 A.2d at 591.

*Kellman* held that "objections", pursuant to Section 516(a)(4) of the Code, 26 P.S. §1-516(a)(4), are equivalent to what was previously considered "exceptions" under the various former acts, because they relate to "final orders" pursuant to Section 517 of the Code, 26 P.S. §1-517. *Id.* at 111, 354 A.2d at 591. Perhaps stated more simply, Section 516 "objections"

which were held tantamount to former "appeals" as such were considered prior to the enactment of the Code, can not now form the basis of a "final order", pursuant to Section 517 and, therefore, are issues that should be ruled upon at the time of the trial *de novo.* *Id.* at 114, 354 A.2d at 593. And, conversely, Section 516 "objections", which were equivalent to "exceptions" prior to the enactment of the Code, do form the basis of a "final order", pursuant to Section 517 of the Code and, therefore, this Court has jurisdiction to entertain the issue prior to the trial *de novo.* Our narrow, preliminary question, therefore, is to determine whether or not DOT's claims would be considered, prior to the Code, either exceptions or appeals.

Again, DOT makes two general claims in this appeal. One has its focus on the area of the property owned by the condemnee, the extent of the taking, and the date of the taking. In *Cavalier Appeal,* 408 Pa. 295, 183 A.2d 547 (1962), our Supreme Court stated that an issue concerning ". . . the propriety of the viewers' determination of the *nature of the interest taken* by the Commonwealth" was properly before the Court as an exception to the viewers' report. *Id.* at 298, 183 A.2d at 548 (emphasis added). See also *Penn Builders, Inc. v. Blair County,* 302 Pa. 300, 153 A. 433 (1931); Edward L. Snitzer, Pennsylvania Eminent Domain, §517-1.6 (1965). And, in *Lakewood Memorial Gardens Appeal,* 381 Pa. 46, 112 A.2d 135 (1955), our Supreme Court also ruled that the viewers' legal conclusion as to the date of the taking was an exception properly before the Court. See also *Gitlin v. Pennsylvania Turnpike Commission,* 384 Pa. 326, 121 A.2d 79 (1956); *Snitzer, supra.* We believe and must hold, therefore, that the trial court's conclusions concerning the property owned by the condemnee, the extent of the taking and the date of the taking properly formed the basis of a final order, pursuant to Section 517 of

the Code, 26 P.S. §1-517, and that, therefore, we have jurisdiction to entertain the issues prior to the trial *de novo*.

As to DOT's second general claim, which concerns the unity of use issue, in *City of Chester v. Department of Transportation,* 495 Pa. 382, 434 A.2d 695 (1981), our Supreme Court ruled, *inter alia,* that a finding by a Board of Viewers concerning a unity of use between two sections of property, subsequently affirmed by a court of common pleas, was, pursuant to Section 517 of the Code, 26 P.S. §1-517, properly before our Court for review. We must hold, therefore, that *City of Chester* gives this Court jurisdiction to reach the merits concerning the unity of use issue.

Again, DOT contends that, because Yudacufski failed to object to the Board's report concerning the area of property owned by the condemnee, the extent of the taking by the condemnor, and the date of the taking, these items are binding upon the parties at trial. Yudacufski claims that, because these items were agreed upon by stipulations of the parties, they are not "findings" by the Board and, hence, are not binding.

The report of the Board, in part, states:

At the hearings held on December 6, 7, and 8, the parties hereto stipulated that all papers and reports to be filed in this case and in the companion case involving the same parties being No. 356, March Term, 1967, should be filed to the above term and number. It was further stipulated by Counsel that both of these condemnations shall be treated as having occurred simultaneously and as one condemnation, and that these condemnations are governed by the Pennsylvania Eminent Domain Code of 1964, that any detention or delayed damages in either case, shall be computed from

November 1, 1964 and that the Chairman of the Board of View had viewed the premises.

That Herman Yudacufski was the owner in fee simple of the premises described in the Petition at the time of the take. That by stipulation entered into by the parties to these proceedings, the date of the taking was November 1, 1964.

The Board of View further finds that on the above date a portion of the premises of the condemnee was taken by the Commonwealth of Pennsylvania by virtue of its right of Eminent Domain for highway purposes for the construction of Legislative Route 1005, sections 1-3 and 1-4, and that pursuant to said construction the Commonwealth did take and acquire a strip of land for the right of way purposes as indicated on the map attached hereto.

As to the effect of such stipulations, our Supreme Court has said that:

It may, therefore, be stated as the settled law and practice in Pennsylvania, that whatever does not affect the jurisdiction, or the due order of business and convenience of the court is capable of arrangement between the parties or their counsel, and an agreement by them will become the law of the case.

*Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 589, 163 A.2d 80, 84 (1976) (quoting *In Muir v. Preferred Accident Ins. Co., 1902,* 203 Pa. 338, 344, 53 A. 158, 160 (1902)). The Court further stated that: ''[t]he applicable rule is that the parties may stipulate, *and be bound by their act as the law of the case,* in all matters affecting them without affecting the jurisdiction and prerogatives of the court.'' *Id.* at 589, 163 A.2d at 83-4 (emphasis added). See also *Conyer v. Borough of Norristown,* 58 Pa. Commonwealth Ct. 629, 428 A.2d 749 (1981). Although we are cognizant

of the fact that stipulations may be withdrawn with the consent of both parties, see *Conyer*, the record here fails to disclose any such requisite consent, and we believe that the stipulations consequently have the effect of "findings" by the Board.

As to the binding effect of the Board's findings, we believe that our decision in *Jennings v. Department of Transportation*, 38 Pa. Commonwealth Ct. 206, 395 A.2d 582 (1978) is controlling here. In *Jennings*, a Board of Viewers concluded that an entire property had been the subject of a *de facto* taking. Because the Department of Transportation failed to object specifically to the Viewers' findings, it was precluded, pursuant to a motion for a protective order in limine, from introducing any evidence which would conflict with the above conclusion. Our Court affirmed the grant of the protective order because the Department of Transportation ". . . took no specific objection to the report of the Board of Viewers, which *explicitly* found that there had been a total *de facto* taking." *Id.* at 209, 395 A.2d at 584 (emphasis in original). We must hold, therefore, that, because Yudacufski failed to object specifically to the findings of the Board concerning the area of the property owned by the condemnee, the extent of the taking and the date of the taking, he is bound by their findings in a subsequent trial *de novo*. And, inasmuch as the trial court ruled to the contrary, thereby allowing contradictory evidence to be presented, that part of its order must be reversed.

DOT also claims that the trial court erred in concluding that the properties in question were not part of a unity of use. The court reasoned, initially, in an order dated July 18, 1983, that this objection was not proper under the Code, but subsequently issued an opinion, dated August 30, 1983, stating that the parcels were not part of a unity of use. Because an issue

concerning unity of use, as we have noted previously, is a question to be determined preliminarily by the trial court, we must explicitly reverse the July 18, 1983 order.

The August 30, 1983 opinion, arguably, might seem to have implicitly reversed the July 18, 1983 order. Yudacufski contends that DOT waived its right to a preliminary determination by the trial court because, prior to the first trial in the Court of Common Pleas in Schuylkill County, DOT did not have this issue resolved preliminarily and, therefore, waived its right to a determination in the Court of Common Pleas of Delaware County. DOT argues, however, that Yudacufski has, by failure to raise this argument in a timely fashion, waived this issue. It is, of course, an elementary principle of law that issues not raised in the lower court are not reviewable by an appellate court. See *Rimpa v. Bell*, 413 Pa. 274, 196 A.2d 738 (1964); *Van Kirk v. Patterson*, 201 Pa. 90, 50 A.2d 966 (1902). And, because Yudacufski raises this argument for the first time before this Court, we must hold that he has waived his right to argue it.

DOT contends that the decision of the trial court concerning the unity of use issue is erroneous because the conclusion was made in the absence of a fair, orderly fact-finding process, and, hence, in violation of Section 517 of the Code, 26 P.S. §1-517 which, again, provides in pertinent part that: "A court may confirm, modify, change the report or refer it back to the same or other viewers."

In *Hershey v. Department of Transportation*, 20 Pa. Commonwealth Ct. 537, 342 A.2d 497 (1975), we construed Section 517 of the Code, 26 P.S. §1-517 as follows:

[W]e hold that the legislative intent of section 517 is to permit the lower court to decide preliminarily only questions of law basic to the in-

quiry. If the court below is considering objections to the report of the Board which raises pure questions of law, the court may preliminarily determine such questions without any fact finding process. But where the objections presented to the court below involve fact finding or mixed questions of law and fact, it is improper for the lower court to decide such questions preliminarily solely upon the filing of briefs and the hearing of argument.

Section 517 requires that the court preliminarily decide questions not involving the amount of an award, but it does not require or authorize a court to resolve factual issues without the benefit of all relevant evidence. Because the statute is silent on the method to be used by the court in resolving factual issues, *the procedure for any given case is within the discretion of the trial judge. The judge may resolve factual questions by obtaining stipulations, by reference to a transcript of the evidence presented to the Board of View, by a separate evidentiary hearing prior to trial, or by evidence adduced at trial but not submitted to the jury.* As long as the method used is fair to all of the parties, the alternative chosen by the trial judge is solely a matter of discretion. The important thing is that no objections which involve a question of fact be decided without an orderly fact finding process. (Emphasis, in part, in original, and emphasis, in part, added.) (Footnote omitted.)

*Id.* at 542-3, 342 A.2d at 500-1.

The trial court, in refusing to find a unity of use, stated that:

The Commonwealth has clearly failed to show the Court unity of use. The Board of

View found that there were two separate uses of this property and from the evidence given this Court, we agree with that determination.

\* \* \* \*

Here, our Court is presented testimony which shows that the subject property contained manufacturing (coal processing) and recreational uses (golf course, race track, airport). We cannot and will not find a unity of use.

We cannot say that the trial court acted unfairly by refusing to find a unity of use in light of the above statements in conjunction with our thorough review of the record.

We will, therefore, affirm the trial court concerning the unity of use question.

### ORDER

AND Now, this 12th day of July, 1984, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed in part and reversed in part.

Jurisdiction relinquished.