515 A.2d 102

In Re: Condemnation by the Commonwealth of Pennsylvania Department of Transportation of Right of Way, for Legislative Route 153, Section B-20 R/W, in the Township of Montgomery. Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Roy A. Fackler and Cynthia Fackler, his wife, Appellees.

Argued April 8, 1986, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Scott M. Olin,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

C. *Stephens Vondercrone, Jr., Pearlstine, Salkin, Hardiman and Robinson,* for appellees.

OPINION BY JUDGE PALLADINO, September 18, 1986:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Montgomery County (trial court) which sustained an objection to, and modified a legal conclusion in, a report by a Board of View and dismissed other objections to the report.

On April 2, 1982 DOT filed a Declaration of Taking of 6,864 square feet of real property owned by Roy and Cynthia Fackler (Condemnees) and located in Montgomery County. The property was being used as an automobile service station. Condemnees filed preliminary objections to the Declaration of Taking asserting that DOT had abused its discretion in condemning the property or, in the alternative, that another condemnation plan was available which would not have put Condemnees out of business. Condemnees' preliminary objections were dismissed by the trial court.[1]

On May 10, 1983, Condemnees filed a Petition for the Appointment of a Board of View (viewers). The viewers were appointed, and evidentiary hearings were held on September 9, 1983 and October 14, 1983. The viewers filed their report on February 24, 1984 awarding damages in the amount of $156,500 to Condemnees and making extensive findings of fact.[2] Both DOT and

---

[1] The trial court's dismissal of Condemnees' preliminary objections was appealed to this Court on September 24, 1982 at 2392 C.D. 1982. The appeal was withdrawn on June 22, 1984. Petitions for a stay of the trial court's order were denied by this Court, and by the Pennsylvania Supreme Court No. 29 E.D. Misc. Docket 1983, filed March 1, 1983.

[2] Although all of the viewers' findings are designated findings of fact, we note that many are actually conclusions of law.

Condemnees appealed the award of damages and objected to specific findings of the viewers. On January 17, 1985, after receiving briefs and hearing oral argument, the trial court, based upon the evidence presented to the viewers, modified one of the factual findings of the viewers relating to the enforceability of the local zoning ordinance against the property, and dismissed all other objections.

DOT now appeals from the order of the trial court asserting that the trial court committed an error of law by not modifying the findings of the viewers and by refusing to remand the case to the viewers to redetermine the value of the property in a manner consistent with the trial court's modifications. Specifically, DOT asserts that the trial court erred in not modifying the following findings of the viewers:

1. 'The Board [of View] finds that it lacks sufficient evidence to make a determination that the remainder of the Condemnee's property as shown on the plan filed with the Declaration of Taking, was deliberately not condemned by [DOT].' (Viewer's finding number 16); and

2. 'The Board [of View] finds that it lacks jurisdiction to rule on whether or not Condemnees are in violation of the order dated March 28, 1969, of the Zoning Hearing Board of Montgomery Township.' (Viewer's finding number 14).

Additionally, DOT contends that the trial court erred in not striking specific factual findings of the viewers relating to the zoning classification of the property, the value of Condemnees' business, and the compensability of a loss of access to Condemnees' property. Finally, DOT contends that the trial court erred in refusing to order that the testimony presented by Condemnees' valuation expert to the viewers be stricken.

Condemnees argue that a remand to the viewers is not necessary, appropriate or required by the law because the issues which DOT raises are going to be relitigated in the trial *de novo,* at which the viewers' findings and conclusions will be inadmissable. Therefore, to remand the case to the viewers at this juncture merely serves to delay the final resolution of the case. We agree with the argument advanced by Condemnees and conclude, for the reasons that follow, that a remand to the viewers would not be in accordance with the law. Section 517 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-517, provides:

> All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report shall constitute a final order. . . .

In the case of *Hershey v. Exxon,* 20 Pa. Commonwealth Ct. 537, 342 A.2d 497 (1975), this Court held that Section 517 of the Code grants broad discretionary authority to the courts of common pleas with respect to decisions to remand. *Id.* at 544, 342 A.2d at 501. In *Hershey,* we concluded that the trial court's refusal to remand the case to the viewers caused no prejudice to the lessee/condemnee's interest because the condemnee would be able to present evidence *to the trial court* in order to establish its interest in the condemned property. *Id.*

Furthermore, we conclude that the trial court's order dismissing all but one of the objections raised by DOT is not a final order. Therefore, this Court is without jurisdiction to render a decision on the merits of these objections. *See PennDOT v. Shartzer,* 94 Pa. Commonwealth Ct. 355, 503 A.2d 1028 (1986).

The Joint State Government Commission (Commission), in its 1964 Report, stated that its intention in formulating the Code was to abolish exceptions to viewers' reports and "matters formerly raised by exception are now included in the appeal. . . ." *See* Comment to Section 515 of the Code, Comment at 26 P.S. §1-515. The Commission further stated that the Code

> makes a change in procedure by combining in one proceeding designated as an appeal, the practice of exceptions as to questions of law and the filing of a separate appeal as to questions of fact. There was confusion in many of the lower courts and even appellate courts as to whether exceptions or appeal was the proper procedure, and often as a matter of course to protect the record, attorneys made a practice of filing both. . . .

> Subsection (a)(4) [of Section 516 of the Code, 26 P.S. §1-516] is intended to cover what formerly were exceptions. 'Objections' is not intended to mean objections to rulings on evidence, competency, etc.; it means objections to the report. Under existing law, an appeal on the merits as to damages is considered a trial de novo and neither the viewers' report nor any of their findings nor the amount of the award are admitted for the appeal, nor can they be introduced into evidence. . . . Therefore, on appeal the appellant-condemnee must, for example, introduce proof of ownership and interest, and the record without such proof is defective; this practice is continued.

Comment to Section 516 of the Code, Comment at 26 P.S. §1-516.

Despite the apparent intention of the Commission to eliminate the bifurcated procedure of addressing questions of law by means of exceptions and questions

of fact by means of an appeal, the Courts of the Commonwealth have continued the bifurcated practice by treating the trial court's rulings on objections, other than to the amount of the award, which were formerly exceptions, as final, appealable orders. *See, e.g., Department of Transportation v. Yudacufski,* 83 Pa. Commonwealth Ct. 609, 479 A.2d 635 (1984) (holding that a trial court's conclusions concerning the Condemnee's interest in the property owned, the extent and date of the taking, and the unity of use between two sections of property constituted a final, appealable order). The authority upon which these decisions have relied is the first sentence of Section 517 of the Code, 26 P.S. §1-517, which states: "All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily." This sentence has been interpreted to grant jurisdiction to an appellate court' to review a trial court's order dismissing objections to the viewers' report, even though such an order would otherwise be considered interlocutory. *See Commonwealth v. Hession,* 430 Pa. 273, 242 A.2d 432 (1968).

However, the courts have also acknowledged that it is not always possible to determine these objections preliminarily on the basis of briefs and oral argument because the objections often involve questions of fact or mixed questions of law and fact. *See Hershey v. Department of Transportation,* 20 Pa. Commonwealth Ct. 537, 342 A.2d 497 (1975). In *Hershey* we held that the legislative intent of Section 517 of the Code, 26 P.S. §1-517, is to permit the trial court to determine preliminarily only questions of law basic to the inquiry. The *Hershey* court also stated that the proper procedure for determining facts is within the discretion of the trial judge, who may rely on the record made before the viewers, hold an evidentiary hearing or postpone the determina-

tion pending the trial *de novo*. *Id*. at 542-43, 342 A.2d at 500-01.

This Court has also held that

the word 'preliminarily' in Section 517, describes the time reference within which the objections to the viewers' report must be settled. The General Assembly's intent was to have the viewers' report settled preliminarily to the start of a trial de novo, not to require initial settling of all questions of law prior to a trial de novo.

*Kellman Fund v. Department of Transportation*, 24 Pa. Commonwealth Ct. 102, 118-19, 354 A.2d 583, 594-95 (1976).

Finally, we note that the Pennsylvania Supreme Court has stated:

The Board of Viewers is not part of the judicial system of the Commonwealth, nor is the procedure established by it necessary to the realization of the right to compensation upon the taking of private property, as guaranteed to a property owner by the Constitution of Pennsylvania. Proceedings before it are merely a preliminary step, provided by statute to ascertain damages and to afford a report or estimate which may be the basis for an agreement between the condemning body and the property owner fixing damages to be paid. It saves, in many instances, the time and expense of a jury trial.

*Commonwealth ex rel. Kelly v. Cantrell*, 327 Pa. 369, 376-77, 193 A. 655, 659-660 (1937). Although this statement was made prior to the enactment of the Code, we find that it is consistent with the intent of the Code, which permits the parties to waive proceedings before the viewers. *See* Section 520 of the Code, 26 P.S. §1-520. We believe it is also consistent with Section 517 of

the Code, 26 P.S. §1-517, which gives the trial court the discretion to confirm, modify or change the viewers' report or to refer it back to the viewers. We believe that this discretion was granted to the trial court, which sees, hears and meets with the parties and their attorneys, because the trial court is in the best position to ascertain whether a confirmation, modification, or change of the award or reference of the case back to the viewers will lead to a settlement of the case without the need for a trial *de novo*. If the trial court determines that such steps will not expedite resolution of the case, it may order that the case proceed to trial and may reserve answering questions of law and fact, except those which are basic to the inquiry raised by objections to the viewers' report until the trial *de novo*.

Our review of the case law with respect to the finality of orders dismissing objections to the reports of viewers, leads us to conclude that our appellate jurisdiction to review such orders should be construed very narrowly. In most instances the findings of the viewers to which objections have been raised will be the subject of testimony and legal rulings in the trial *de novo*. The findings of the viewers and the action of the trial court sustaining or dismissing objections thereto are not the final action which will be taken by the trial court with respect to the issues so raised. Our opinion on these issues, therefore, will often be advisory at best. Advisory opinions are not within the purview of an appellate court's jurisdiction. *Sheppard v. Old Heritage Mutual Insurance Company*, 51 Pa. Commonwealth Ct. 490, 414 A.2d 1109 (1980), *aff'd*, 499 Pa. 217, 452 A.2d 1017 (1982).

Mindful of this background, we must now determine whether the issues raised in this appeal are ripe for our review. With respect to the first issue raised by DOT, whether the trial court erred in holding that the viewers

lacked jurisdiction to determine if Condemnees' use of the subject property is in violation of an order of the local zoning board, we hold that as to this issue the trial court's order is interlocutory and, therefore, unappealable at this juncture. The question does not relate to the extent of the Condemnees' interest in the property, the extent or date of the taking or the availability of severance damages. *See Yudacufski,* 83 Pa. Commonwealth Ct. at 614-15, 479 A.2d at 638. The question is one of mixed fact and law, which goes to the valuation of the property. The trial court determined that the Township of Montgomery is not barred from enforcing the order of its zoning hearing board, and that all expert valuation testimony must consider the effect of the order on the value of the property. Thus, appellate review of this question prior to its application to the expert valuation testimony to be offered at the trial *de novo* would be advisory.

With respect to the second issue raised by DOT, whether the trial court erred in upholding the viewers' finding that they lacked sufficient evidence to determine whether the remainder of the subject property was deliberately not condemned, we hold that this issue has been finally determined in a previous proceeding and is now *res judicata.* Section 406 of the Code, 26 P.S. §1-406, provides that preliminary objections to the declaration of taking shall be the exclusive method of challenging the power or right of the condemnor to appropriate the condemned property and to the declaration of taking. Issues of the scope or validity of the taking are properly asserted by preliminary objections to the declaration of taking. *Carr v. Philadelphia Electric Company,* 4 Pa. Commonwealth Ct. 571, 287 A.2d 917 (1972). In the case at bar, Condemnees did file preliminary objections to the declaration of taking, challenging the scope of the condemnation. These objections were dismissed, and Condemnees' appeal to this Court from

that dismissal was withdrawn. The trial court's September 17, 1982 order upholding the scope of the taking as set forth in the declaration of taking is therefore the law of the case and is binding on the parties. Accordingly, the trial court's January 17, 1985 dismissal of DOT's objection relating to the scope of the taking was in error and is reversed. As a result of our decision on this issue, no testimony regarding the extent of property condemned is to be admitted at trial. However, to the extent that Condemnees may have suffered severance damages, such damages may be considered in the trial *de novo*.

The remaining issues raised by DOT all go to the amount of damages awarded by the viewers. The testimony and findings challenged by DOT are no longer relevant because they will be relitigated in the trial *de novo* at which the testimony, the findings, and the award of the viewers will be inadmissable. Because the trial court will have to make evidentiary rulings on the basis of the evidence offered at the trial *de novo,* which evidence may differ significantly from that offered to the viewers, the trial court's order dismissing DOT's objections on these points is interlocutory. Were this Court to rule on these issues at this time, our order would be advisory.

The order of the trial court dismissing DOT's objection relating to the scope of the taking is reversed. The appeal is otherwise dismissed as interlocutory.

## ORDER

AND NOW, September 18, 1986, the order of the Court of Common Pleas of Montgomery County, dated January 17, 1985 at No. 82-04973 dismissing the Pennsylvania Department of Transportation's objection relating to the scope of the taking is reversed. The appeal is otherwise dismissed as interlocutory.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

What we have to decide is whether the trial court's disposition of the objections forms the basis for a "final order" pursuant to Section 517 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-517, so that this Court has jurisdiction to entertain this issue prior to the trial *de novo*.

Section 516 of the Code, 26 P.S. §1-516, provides that an appeal to the court from a decision of the Board of Viewers shall set forth "(4) Objections, if any, to the viewers' report, other than to the amount of the award." Section 517 of the Code, 26 P.S. §1-517, dealing with the disposition of such appeals, provides:

> All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. . . . A decree confirming, modifying or changing the report shall constitute a final order.

> The amount of damages shall be determined by the court unless a jury trial has been demanded.

In *Kellman Trust Fund v. Department of Transportation*, 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976), this Court indicated that section 517 of the Code, 26 P.S. §1-517, set up a bifurcated appeals structure, and that the word "preliminarily" found in this section describes the time reference within which the objections to the viewers' report must be settled. The Court also stated that it was not intended to cover initial settling of all questions prior to a trial *de novo*. The Court referred to the comments to section 516 of the Code, 26 P.S. §1-516, which indicated that the section was intended to cover what were formerly exceptions, and that "objections" is not intended to mean rulings on evidence, competency, et cetera, but objections to the report.

Under existing law, an appeal on the merits as to damages is considered a trial *de novo,* and neither the viewers' report nor any other findings nor the amount of the award are admissible as evidence. *Tinicum Real Estate Holding Corp. v. Department of Transportation,* 480 Pa. 220, 389 A.2d 1034 (1978).

The purpose of an objection or an exception is to attack the *regularity* or *legality* of the proceeding before the viewers. A trial *de novo* brings up the whole case, *but is limited to the award, and as far as the fact finder is concerned it consists of that part of the proceedings within its competence to pass upon.*

On an appeal to the common pleas court, that court must delineate those questions where the substance of the objection goes to the report, and to rule on those matters and either confirm, modify or change the report. The confirmation, modification or change is considered a final order and appealable. All other issues are reserved for the trial *de novo* and ruled on at that time. *Kellman.*

In a footnote in *Kellman,* the Court indicated that it was not unmindful that implications might be drawn from certain cases that a preliminary binding disposition of all issues of law can properly be made prior to a trial *de novo.* However, the Court rejected such implications as *dictum.*

Appellant relies on *Department of Transportation v. Yudacufski,* 83 Pa. Commonwealth Ct. 609, 479 A.2d 635 (1984). This reliance is misplaced. In that case, before the viewers were the issues of the area of the property owned by the condemnee, and the date and extent of the taking. Such matters prior to the Code were considered exceptions to the report. Now such matters form the basis of a final order, as objections, pursuant to section 517 of the Code, 26 P.S. §1-517. Therefore, on appeal to this Court, we have jurisdiction to entertain the issue prior to the trial *de novo,* and I would affirm the trial court.