## In re Condemnation of Land of Coyle

*Paul D. Welch,* for condemnor.
*Richard H. Roesgen,* for condemnee.

SAXTON, *P.J.,* February 22, 1996—The initial issue in front of the court, before this case proceeds to jury trial, is whether condemnor properly appealed the board of viewers' finding relating to the day condemnor took possession of condemnee's property. The board of viewers' report filed on March 20, 1995, included the following finding:

"The board also finds that the date of possession for delay damage purposes was August 3, 1994. The Supreme Court of Pennsylvania has defined 'possession'

in eminent domain proceedings as occurring when a 'declaration of taking deprives a landowner of the full and normal use of his property, as established by the use to which his property was devoted prior to the declaration' . . . Due to the unrebutted evidence in the present case that the authority damaged a water well to the extent that it was no longer functional, the board finds that the condemnee was deprived the full and normal use of her land as of August 3, 1994 and delay damages shall be paid from that date in accordance with 26 P.S. §1-611."

On April 19, 1995, condemnee filed an appeal from the report of viewers objecting to the amount of the award. On that same date, condemnor also filed an appeal from the report of viewers objecting to the report based on: "(a) the amount of the award; (b) the award of delay damages and the amount thereof; and (c) all issues raised before the board of view and either not decided or decided against condemnor by said board."

Condemnee asserts that the objections raised by condemnor are insufficient to raise the issue of "date of possession" regarding the award of delay damages at trial. Condemnor counters that they properly objected to the issue by specifically objecting to the board's award of delay damages.

## DISCUSSION

The Eminent Domain Code, 26 Pa.C.S. §1-515 provides that either party may appeal the board of viewers' decision to the Court of Common Pleas by properly raising all objections of law or fact to the board's report. Section 1-516 mandates that the appeal set forth "objections, if any, to the viewers' report, other than to the amount of the award." Objections, other than to the award itself, must be in this fashion so that the

trial court can preliminarily determine any legal issues before trial. *Jennings v. PennDOT,* 38 Pa. Commw. 206, 209, 395 A.2d 582, 584 (1978).

In *Jennings,* the board of viewers found that there was a de facto taking of the entire Jennings' property. The Department of Transportation only appealed the board's award. The trial court precluded the department from presenting evidence concerning the issue of a total de facto taking. The Superior Court affirmed, finding that the Department's failure to properly appeal the "total de facto taking" issue defeated the purpose of the statute. *Id.* at 209, 395 A.2d at 584. The Superior Court found that since "[the department] did *not* properly present the issue for the lower court's preliminary disposition, . . ." they were precluded from raising it at the de novo trial. *Id.* at 210, 395 A.2d at 584. (emphasis in original)

Additionally, the court notes that in *Hay v. Commonwealth,* 21 D.&C.3d 567, 585-86 (Somerset County 1980), the Court of Common Pleas of Somerset County found that delay damages are part of the "amount of the award" as that phrase is used in section 516(a)(4) of the Eminent Domain Code. Thus, a specific objection to delay damages would not be necessary; a general appeal would preserve the issue for trial de novo.

In the case at bar, the board of viewers determined the condemnee was entitled to delay damages due to condemnor's actions on condemnee's property on August 3, 1994. In addition to objecting to the board of viewers' award, condemnor objected to the board of viewers' award of delay damages.

Following the reasoning in *Hay,* condemnor did more than was necessary to preserve the issue. Condemnor appealed the award; which necessarily encompasses the issue of delay damages.

However, even if you accept the argument that delay damages should not be considered as "part of the award" condemnor's specific objection to delay damages "properly presents the issue for the lower court's preliminary disposition" as required by *Jennings.*

Delay damages are awarded in eminent domain cases where the "declaration of taking deprives a landowner of the full and normal use of his property, *as established by the use to which his property was devoted prior to the declaration,* then that landowner shall no longer be considered 'in possession'. . . and the condemnee may claim delay damages from the date of the declaration of taking." *Hughes v. PennDOT,* 514 Pa. 300, 309, 523 A.2d 747, 752 (1987). (emphasis in original) The board of viewers found that the actions of condemnor on August 3, 1994, deprived condemnee of the full and normal use of her property and delay damages should be paid. Condemnor, through its objection, disputes that any delay damages are due to condemnee. Thus, condemnor necessarily asserts there were no actions by condemnor which "deprive[d] [the] landowner of the full and normal use of [her] property." In fact, in its trial brief, condemnor asserts that condemnee is still in possession of the property. There is no dispute as to the date of condemnor's actions on the property. The issue is whether condemnor's actions on that undisputed date deprived condemnee of the full and normal use of her land. The board of viewers found it did and the condemnor disagrees. Thus, the court believes that condemnor's specific objection to the award of delay damages sufficiently framed the issue for the court's preliminary consideration.

Therefore, condemnor may present evidence at trial that its actions on August 3, 1994, did not deprive condemnee of the use of her land; and, consequently,

the award of delay damages was not proper. Issues relating to possession and delay damages are factual and are within the providence of the jury. *Hay, supra* at 586-87 (finding that whether possession was relinquished was a question of fact for the jury).

## ORDER

And now, February 22, 1996, in accordance with the foregoing opinion it is hereby ordered that condemnor properly raised the issue of delay damages on appeal from the board of viewers. Consequently, condemnor is permitted to present evidence at trial concerning its actions on August 3, 1994, as it relates to whether such actions deprived condemnee of the full use and enjoyment of her property.