# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Quincy Township | : | |
| | : | |
| v. | : | No. 222 C.D. 2019 |
| | : | Submitted: December 12, 2019 |
| Mount Valley Riders | : | |
| Saddle Club, Inc. | : | |
| | : | |
| Appeal of: Silver Star | : | |
| Valley Saddle Club, | : | |
| AKA Mount Valley Riders | : | |
| Saddle Club, Inc., | : | |
| AKA Mountain Valley | : | |
| Riders Saddle Club, Inc. | : | |


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED:  January 14, 2020**


Appellant Silver Star Valley Saddle Club a/k/a Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club, Inc. (Club) appeals from the order of the Court of Common Pleas for the 39th Judicial District, Franklin County Branch (trial court), which dismissed the Club's petition for interest and request for subpoena of documents directed to Appellee Quincy Township (Township).  For the reasons that follow, we now quash the appeal.

On May 22, 2018, the Township filed a declaration of taking against Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club[1] for the taking of a property located at 3950 Barr Road, Waynesboro, Pennsylvania, 17268 (Property). (Reproduced Record (R.R.) at 7a-17a.) Thereafter, on June 14, 2018, the Club filed a Petition for Appointment of Viewers,[2] and the trial court issued an order appointing a board of viewers. (*Id.* at 18a, 20a.) On July 20, 2018, the Township filed a praecipe, through which it deposited with the trial court the estimated just compensation for the Property in the amount of $32,000. (*Id.* at 21a.) The Township then filed a praecipe for writ of possession on August 3, 2018, which the trial court granted three days later—*i.e.*, on August 6, 2018—thereby issuing a writ of possession in favor of the Township. (*Id.* at 24a, 27a.)

On August 13, 2018, Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club[3] filed what the trial court and parties refer to as preliminary objections *nunc pro tunc*, challenging the procedure through which the Township filed the praecipe for writ of possession and the Township's decision

---

[1] The record reveals that Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club and Silver Star Saddle Club entered into a memorandum of understanding in which both clubs agreed to merge into one organization effective January 1, 2018. (Reproduced Record (R.R.) at 75a.)

[2] We note that the Petition for Appointment of Viewers stated, importantly, that "preliminary objections challenging the [d]eclaration of [t]aking have not [been] and are not going to be filed." (R.R. at 18a.)

[3] It appears that the former club—*i.e.*, Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club—filed numerous pleadings on its own throughout this matter despite the fact that the two clubs—Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club *and* Silver Star Saddle Club—were to merge effective January 1, 2018, pursuant to the parties' memorandum of understanding.

to deposit just compensation with the trial court. (*Id*. at 34a-42a.) On October 17, 2018, after a hearing on the preliminary objections *nunc pro tunc*, the trial court issued an order overruling them. (Attached to the Club's Br. at I-III.) In doing so, the trial court explained the basis for its ruling as follows: "IT IS HEREBY ORDERED that [Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club's] Preliminary Objections are OVERRULED as it remains unclear which entity is the legal owner of [the Property]."[4] (*Id*. at II.) Accordingly, as part of the same order, the trial court scheduled a hearing to determine the identity of the legal owner of the Property. (*Id*. at III.) After determining that the Club is the legal owner of the Property, the trial court issued an order directing payment of just compensation and any accrued interest to the Club. (R.R. at 126a-127a.)

On December 7, 2018, the Club filed a petition for interest on the estimated just compensation pursuant to Section 522 of the Eminent Domain Code (Code), 26 Pa. C.S. § 522,[5] and a request for subpoena of documents related to appraisals of the Property. (*Id*. at 128a; Original Record, Item No. 19.) On January 25, 2019, after holding a hearing on the above listed pleadings, the trial court issued an opinion and order denying the petition for interest and request for subpoena of documents. (Attached to the Club's Br. at IV-IX.) The Club, thereafter, filed an appeal from the January 25, 2019 order to this Court, and the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). (*Id*. at X-XXII.) In its opinion, the trial court explained its bases for denying the petition

---

[4] On October 11, 2018, the Township filed a petition for distribution of estimated just compensation to Mount Valley Riders Saddle Club, Inc. a/k/a Mountain Valley Riders Saddle Club. (R.R. at 100a.) It appears that the trial court delayed disposition on that petition until it resolved the question of which entity had legal ownership of the Property.

[5] The petition for interest sought interest in the amount of $636.49.

for interest and request for subpoena of documents. With respect to the petition for interest, the trial court concluded that the Township should have provided the Club with the required 20 days' notice prior to filing the praecipe submitting just compensation with the trial court.[6] The trial court, nonetheless, concluded that the Club is not entitled to interest under Section 522 of the Code, because the Club caused the delay in payment of just compensation by not clarifying the identity of the condemnee. (Attached to the Club's Br. at VII.) It is from this order, dated January 25, 2019, that the Club now appeals.

Following the trial court's order denying the petition for interest and request for subpoena of documents, the board of viewers conducted a hearing on April 29, 2019, and filed a report with the trial court on June 20, 2019. Thereafter,

---

[6] Section 522(a) of the Code, pertaining to payment into court and distribution of estimated just compensation, provides:

> (1) Upon refusal to accept payment of the damages or of the estimated just compensation under section 307 (relating to possession, right of entry and payment of compensation) or *if the party entitled thereto cannot be found or if for any other reason the amount cannot be paid to the party entitled thereto, the court upon petition of the condemnor,* which shall include a schedule of proposed distribution, *may direct payment and costs into court or as the court may direct in full satisfaction.*
>
> (2) *The condemnor shall give 20 days' notice of the presentation of the petition*, including a copy of the schedule of the proposed distribution, *to all parties in interest known to the condemnor* in any manner as the court may direct by general rule or special order.
>
> (3) If the court is satisfied in a particular case that the condemnor failed to use reasonable diligence in giving notice, the court may, upon petition of any party in interest adversely affected by the failure to give notice, order that compensation for delay in payment be awarded to the party for the period after deposit in court by the condemnor under this section until the time the party in interest has received a distribution of funds under this section.

(Emphasis added.)

pursuant to Section 516 of the Code, 26 Pa. C.S. § 516, the Club appealed the board of viewers' report to the trial court and demanded a jury trial. At the time the parties filed their briefs with this Court in this matter, the appeal of the board of viewers was pending before the trial court.

On appeal,[7] the Club raises the following issues: (1) whether the Township failed to comply with the requirements of Section 307 of the Code, 26 Pa. C.S. § 307,[8] and Section 522 of the Code; (2) whether the trial court violated the Club's right to due process by issuing a writ of possession without notice and an opportunity to be heard prior to depriving the Club of the possession of its property; and (3) whether the Club is entitled to interest under Section 522 of the Code, because the Township's failure to comply with Sections 307 and 522 of the Code caused a delay in payment of just compensation to the Club. The Township responds by contending that the trial court did not commit an error of law in denying the Club's petition for interest, because the Club caused the delay in payment of just compensation. By order issued March 14, 2019, this Court instructed the parties also to address in their briefs whether the trial court's order, dated January 25, 2019, is an appealable order.[9]

---

[7] In matters concerning eminent domain, our court reviews the trial court's decision to determine whether the trial court abused its discretion or committed an error of law. *Lang v. Dep't of Transp.*, 135 A.3d 225, 228 n.8 (Pa. Cmwlth.), *appeal denied*, 145 A.3d 729 (Pa. 2016).

[8] Section 307 of the Code pertains to possession or right of entry of a condemnor and payment of compensation.

[9] This Court's March 14, 2019 order provides:

> NOW, March 13, 2019, upon review of this matter, it appears that [the Club] seeks review of the January 25, 2019 order of the [trial court], that denied [the Club's] petition for interest and request for subpoena of documents in this eminent domain proceeding. It further appears that the matter of just compensation for the taking of [the Club's] property remains ongoing and has not yet progressed to a

5

At the outset, we must consider whether the trial court's order is appealable. Pursuant to Pennsylvania Rule of Appellate Procedure 341, "an appeal may be taken as of right from any final order of a government unit or trial court." Pa. R.A.P. 341(a). Rule 341(b) generally defines a final order as "any order that: (1) disposes of all claims and of all parties; or . . . . (3) is entered as a final order pursuant to paragraph (c) of this rule." Pa. R.A.P. 341(b). Subsection (c) of Rule 341 provides:

> **(c) Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, *any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. . . .*

(Emphasis added.)

In support of its argument that the trial court's order is an appealable final order, the Club relies upon Pennsylvania Rule of Appellate Procedure 311(a)(8) and Section 518(2) of the Code, 26 Pa. C.S. § 518(2). Pennsylvania Rule of Appellate Procedure 311(a)(8) provides that "[a]n appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from . . . [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all

---

board of viewers. *Thus, it appears that the January 25, 2019 order is not a final order because it does not dispose of all claims against all parties nor is it defined as a final order by statute*. Accordingly, the parties shall address the appealability of the January 25, 2019 order in their principal briefs on the merits.

((Emphasis added) (citations omitted).)

claims and of all parties." Section 518(2) of the Code pertains to disposition of appeals to a court of common pleas from a report of a board of viewers. It provides that "[t]he court may confirm, modify or change the report or refer it back to the same or other viewers. *A decree confirming, modifying or changing the report constitutes a final order.*" 26 Pa. C.S. § 518(2). The Club argues that the trial court's order denying its petition for interest "constitutes a final order because it modifies or changes the ultimate report of the [b]oard of [v]iew[ers] and the award of damages to [the Club]." (Appellant's Br. at 1.) The Club does not explain how the order denying a petition for interest "confirm[s], modif[ies], or chang[es]" the board of viewers' report. *See id.* Rather, the Club cites to *Commonwealth v. Hession*, 242 A.2d 432 (Pa. 1968) (*Hession*), *cert. denied*, 393 U.S. 1049 (1969), and *Department of Transportation v. Yudacufski*, 479 A.2d 635, 638 (Pa. Cmwlth. 1984) (*Yudacufski*), *appeal dismissed*, 536 A.2d 1322 (Pa. 1985). The Club observes that the issues in both *Hession* and *Yudacufski* involved legal (not factual) determinations, and that the courts in both instances ultimately concluded that the orders were final orders under Section 517 of the former Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *formerly* 26 P.S. § 1-517,[10] which is identical to Section 518 of the Code for purposes of our inquiry. The Club focuses its argument on its contention that the trial court's order denying its petition for interest also involves a legal determination and, therefore, should be considered a final order under Section 518 of the Code.[11]

---

[10] Repealed by the Act of May 4, 2006, P.L. 112.

[11] The Township responds that the order is not a final order because the case remains pending before the trial court. This argument appears to rely on Pennsylvania Rule of Appellate Procedure 341, but it does not take into account Pennsylvania Rule of Appellate Procedure 311(a)(8) or Section 518(2) of the Code, which allow for certain orders to be appealable

In *Hession*, a landowner petitioned for the appointment of a board of viewers to assess whether the landowners were entitled to compensation for a loss in the value of their property as a result of the Department of Transportation (Department) constructing an elevated highway that transformed what was once a heavily traveled highway into a street carrying primarily local traffic. The board of viewers awarded the landowners $20,000, and the Department appealed the report to the common pleas court. The common pleas court concluded that the landowners had sustained compensable damages and awarded the landowners a jury trial to determine the amount of compensation. The Department appealed to the Supreme Court, and the Supreme Court addressed the issue of the appealability of the order. The Supreme Court held that the trial court's determination that the landowners were entitled to compensation constituted a confirmation of the board of viewers' action, thereby rendering the order a final order under Section 517 of the former Eminent Domain Code.

In *Yudacufski*, this Court considered an order of a court of common pleas that modified in part and confirmed in part a report of a board of viewers. In verifying the appealability of the order at issue, we held that the court of common pleas' "conclusions concerning the property owned by the condemnee, the extent of the taking[,] and the date of the taking properly formed the basis of a final order, pursuant to Section 517 of the [former Eminent Domain] Code, . . . and that, therefore, we have jurisdiction to entertain the issues prior to the trial *de novo*." *Yudacufski*, 479 A.2d at 638. We further concluded that the issue of whether there

as final orders despite the fact that the order does not "dispose[] of all claims and of all parties" as required by Rule 341. For this reason, we focus our analysis on the arguments set forth by the Club.

8

was a "unity of use" between two sections of the condemnee's property was properly before the Court for review based on our Supreme Court's holding in *City of Chester v. Department of Transportation*, 434 A.2d 695 (Pa. 1981).[12]

Neither *Hession* nor *Yudacufski* support the Club's contentions that the trial court's denial of a petition for interest constitutes "a decree confirming, modifying or changing the report" of a board of viewers. *See* 26 Pa. C.S. § 518(2). In both of those cases, the orders by the courts of common pleas implicated the basic legal determination of whether the landowner or condemnee was entitled to just compensation and, if so, to what extent. The same can be said of the Supreme Court's decision in *City of Chester*. In comparison, here, there is no question that a taking occurred for which the Club is entitled to compensation, and there is no question as to the extent of the taking. Here, the trial court's order denied a request for interest only. Such an order does not implicate the legal questions addressed in *Hession*, *Yudacufski*, or *City of Chester*, which focused on the existence and extent of a compensable taking. Moreover, those cases involved appeals from courts of common pleas' confirmations of reports of boards of viewers, as required by Section 518(2) of the Code, whereas the case now before this Court does not.

---

[12] In *City of Chester*, the Department sought to condemn four and one-half acres of a municipal park for construction of access ramps to an interstate highway. The City of Chester (City) asserted that there was a unity of use between two sections of a municipal park and that the Department's closing of a damaged bridge connecting the two sections as part of its construction project destroyed the unity of use between the sections. A board of viewers included the cost of a replacement bridge in its award. The Department appealed to the court of common pleas, which confirmed the report. The City then appealed to the Commonwealth Court, which reversed. On further appeal, the Supreme Court reversed this Court's decision, only after having concluded that the Commonwealth Court had jurisdiction to consider the appeal under Section 517 of the former Eminent Domain Code.

9

Based on the discussion above, we quash the instant appeal.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Quincy Township | : | |
| | : | |
| v. | : | No. 222 C.D. 2019 |
| | : | |
| Mount Valley Riders | : | |
| Saddle Club, Inc. | : | |
| | : | |
| Appeal of: Silver Star | : | |
| Valley Saddle Club, | : | |
| AKA Mount Valley Riders | : | |
| Saddle Club, Inc., | : | |
| AKA Mountain Valley | : | |
| Riders Saddle Club, Inc. | : | |

# **O R D E R**

AND NOW, this 14th day of January, 2020, the appeal of the order of the Court of Common Pleas for the 39th Judicial District, Franklin County Branch is QUASHED.

_____
P. KEVIN BROBSON, Judge