**David A. SUEHR, Petitioner,**

v.

**STATE ETHICS COMMISSION,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 3, 1994.

Decided Dec. 12, 1994.

Albert J. Zangrilli, Jr. and Mark Fischer, for petitioner.

Robin M. Hittie, for respondent.

1. Act of October 4, 1978, P.L. 883, *as amended,*

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

David A. Suehr (Suehr) appeals from an "Opinion of the Commission" (Opinion) issued by the State Ethics Commission (Commission) following Suehr's appeal from an Advice of Counsel (Advice) which he requested. Because no actual controversy has been presented for our review, we dismiss Suehr's appeal.

Suehr, a member of the Board of Directors of the Municipal Authority of the Township of Robinson (Authority), on February 10, 1994, mailed a letter to the Commission seeking a written opinion from the Commission regarding whether he would be in violation of the State Ethics Law (Ethics Law)[1] if he were to receive reimbursement by the Authority for his lost wages from his private employment for time spent doing Authority business. Suehr made such request pursuant to Section 7(10) of the Ethics Law, 65 P.S. § 407(10), which provides as follows:

In addition to other powers and duties prescribed by law, the commission shall:

.    .    .    .    .

(10) Issue to any person, upon such person's request, or to the appointing authority or employer, an opinion with respect to such person's duties under this act. The commission shall, within 14 days, either issue the opinion or advise the person who made the request whether an opinion will be issued. No person who acts in good faith on an opinion issued to him by the commission shall be subject to criminal or civil penalties for so acting, provided that the material facts are as stated in the opinion request. The commission's opinions shall be public records and may from time to time be published. The person requesting the opinion may, however, require that the opinion shall contain such deletions and changes as shall be necessary to protect the identity of the persons involved.

65 P.S. §§ 401–413.

On March 31, 1994, the Commission's chief counsel issued an "Advice of Counsel" in response to Suehr's letter concluding that in his opinion Suehr would be in violation of the Ethics Law if he were to receive reimbursement for his private lost wages while attending to Authority business. The letter advised Suehr that he could appeal the Advice to the full Commission within 15 days. Suehr did so and on May 4, 1994, the Commission mailed to Suehr its Opinion, likewise concluding that the situation as described in his February 10, 1994 letter would result in a violation of the Ethics Law.

Thereafter, on June 6, 1994, Suehr filed a petition for review with this Court seeking our reversal of the Commission's Opinion, or, in the alternative, a declaratory judgment stating that reimbursement by the Authority would be permissible under the Ethics Law contrary to the Commission's conclusion; Suehr asserts various errors regarding the Commission's reasoning set forth in its Opinion.[2]

We note at the outset that Suehr at no time sought reimbursement from the Authority for lost wages due to his attending to authority business, nor was Suehr disciplined for violating the Ethics Law. Instead, this matter merely involves Suehr's request for advice from the Commission and the Commission's issuance of an advisory opinion regarding Suehr's inquiry. Because no actual controversy exists between the parties, we cannot consider the appeal sought by Suehr. See *Benoff v. Zoning Board of Adjustment,* 107 Pa.Commonwealth Ct. 578, 528 A.2d 705 (1987). To do so would be to issue our own advisory opinion on the subject which is not within the purview of our appellate jurisdiction. *In re Condemnation by Commonwealth Department of Transportation,* 100 Pa.Commonwealth Ct. 546, 515 A.2d 102 (1986); see also *Commonwealth v. County of Bucks,* 8 Pa.Commonwealth Ct. 295, 302 A.2d 897 (1973) (the rendering of advisory opinions on hypothetical facts is no part of the judicial function).

Based upon the foregoing, we will dismiss Suehr's appeal.

### *ORDER*

AND NOW, this 12th day of December, 1994, the appeal of David A. Suehr is dismissed.

---

**2.** We note that our review of the Ethics Law, as well as the regulations promulgated thereunder, reveals that neither the Law nor the regulations contain a provision providing for appellate review either to this Court or the courts of common pleas of the advisory opinions of the Commission contemplated by Section 7(10). Additionally, the Commission did not specify that Suehr had a right to appeal its Opinion to a court, but merely advised Suehr of his right to reconsideration of the matter from the Commission. The record does not contain any such request for reconsideration of the Commission's Opinion by Suehr.