**Ann Marie BROWN, Administratrix of the Estate of Michael S. Zimmerman, Deceased, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, LIQUOR CONTROL BOARD and Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1996.

Decided March 11, 1996.

Robert C. Brown, Jr., for Appellant.

John M. Abel, Deputy Attorney General, and John P. Capuzzi, Deputy Attorney General, for Appellees.

Before PELLEGRINI and FLAHERTY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Ann Marie Brown, Administratrix of the Estate of Michael S. Zimmerman, Deceased (Decedent) appeals from a decision of the Court of Common Pleas of Delaware County (trial court) declaring that 42 Pa.C.S. § 8528 limits a plaintiff's damages to $250,000.00 no matter how many Commonwealth party defendants are involved. We vacate the order finding that the matter is not ripe for resolution.

Defendants Sylona Reddi (Reddi), Joseph Irwin (Irwin) and Brian Brittingham (Brittingham) were all students at the Delaware County campus of Pennsylvania State University. All three students were under age 21. On February 20, 1991, Reddi and Irwin visited a liquor store operated by the Pennsylvania Liquor Control Board (PLCB) and purchased a bottle of vodka, even though they were under the legal age for purchasing alcohol. The students returned to campus and engaged in a drinking game known as "quarters" in which Irwin and Brittingham manipulated the rules to cause Reddi to con-

sume a substantial amount of the alcohol. After playing the game for approximately three hours, Reddi left the campus and began driving home. At the intersection of State Route 252 and U.S. Route 1, a divided highway, Reddi, having a blood alcohol level at the time of .28%, drove down an exit ramp to Route 1 and went the wrong way, travelling northbound in the southbound lanes of Route 1. Reddi's vehicle collided head-on with a pickup truck driven by Decedent, who died as a result.

Administratrix filed an action with separate counts of a survival action as well as wrongful death against the students, the university, the owner of Reddi's car, the PLCB for negligence in selling liquor to a minor and against the Pennsylvania Department of Transportation (DOT) for negligence in the design, supervision, construction, maintenance and lighting of the intersection of State Route 252 and U.S. Route 1. While this civil action was pending, Administratrix filed a declaratory judgment action, the subject of this appeal, seeking a determination that the PLCB and DOT were each liable for up to $250,000.00, the maximum amount that a plaintiff can be awarded under 42 Pa.C.S. §§ 8522, 8528.[1] Disagreeing with Administratrix's interpretation, the trial court held that under the sovereign immunity statutes, the total combined liability of the PLCB and DOT was limited to $250,000.00. This appeal followed.

Not raised by any party is whether this court or the trial court has jurisdiction to hear Administratrix's declaratory judgment action[2] because the event that would raise

---

1. The waiver of sovereign immunity is embodied in 42 Pa.C.S. § 8522, which states in relevant part:

 (a) Liability imposed—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person

not having the available defense of sovereign immunity.

 The limitation of damages provisions, 42 Pa. C.S. § 8528, states in relevant part:

 (a) General rule—Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.

 (b) Amount recoverable—Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of any plaintiff or $1,000,-000 in the aggregate.

2. Pennsylvania's Declaratory Judgments Act (Act) provides generally for declaratory judgment actions in 42 Pa.C.S. § 7532, which states:

case or controversy—a judgment against both the PLCB and DOT together in excess of $250,000.00—has yet to occur. If this lack of judgment is tantamount to not being a real case and controversy, even though the issue may arise in the future, then the matter is not considered "ripe" for judicial interpretation. *American Council of Life Insurance v. Foster*, 134 Pa.Cmwlth. 634, 580 A.2d 448 (1990). Because no party has raised this issue unless lack of ripeness goes to our subject matter jurisdiction, we cannot address this issue; if, however, it does, we are free to address whether the trial court had jurisdiction to declare the commonwealth parties' liability limits even though both parties have joined in seeking that declaration. *Delaware County v. City of Philadelphia*, 153 Pa.Cmwlth. 167, 620 A.2d 666 (1993); *State Farm Mutual Automobile Insurance Company v. Semple*, 407 Pa. 572, 180 A.2d 925 (1962).

 Whether the lack of ripeness goes to our subject matter jurisdiction is determined by whether it involves both this court's and the trial court's power to hear the class of cases to which the case belongs, as well as to enter upon the inquiry, not whether or not the court may ultimately grant the relief requested. *Commonwealth v. Court of Common Pleas of Philadelphia County*, 506 Pa. 410, 485 A.2d 755 (1984). While both this court and the trial court have the power to determine the statutory limits of liability of commonwealth parties, we do not have the ability to grant any relief that is merely advisory, one that does not involve any case or controversy. Any action, including a declaratory judgment action, may not be employed to determine rights in anticipation of events which may never occur or for consid-

eration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic. *Gulnac v. South Butler School District*, 526 Pa. 483, 587 A.2d 699 (1991).

When the matter does not present a case or controversy, the courts have consistently held that they were without jurisdiction to hear the matter. For example, in *Pennsylvania State Lodge of Fraternal Order of Police v. Commonwealth*, 131 Pa.Cmwlth. 611, 571 A.2d 531 (1990), *affirmed*, 527 Pa. 363, 591 A.2d 1054 (1991), we dismissed the petitioner's declaratory judgment action involving a claim that the union's pension rights would be potentially violated because we lacked subject matter jurisdiction to hear the matter because of lack of any case or controversy. *See also Gulnac; Suehr v. State Ethics Commission*, 651 A.2d 648 (Pa. Cmwlth.1994); *McClellan v. Pennsylvania State Police*, 153 Pa.Cmwlth. 1, 619 A.2d 799 (1992); *In re Condemnation by Commonwealth Department of Transportation*, 100 Pa.Cmwlth. 546, 515 A.2d 102 (1986). Because whether there is a case or controversy goes to our subject matter jurisdiction, we must determine if the declaration of the statutory limits of commonwealth parties where there is no judgment is case or controversy and ripe for judicial determination.

 As to whether there is a case or controversy, the Administratrix asked the trial court to determine whether, if both the PLCB and DOT are found to be liable in her negligence action against them, could she recover $250,000.00 against each under Pennsylvania's sovereign immunity statutes. In *Avrich v. General Accident Insurance Co.*, 367 Pa.Superior Ct. 248, 532 A.2d 882 (1987),

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

The Act provides specifically for declaratory judgment actions seeking construction of documents, including statutes, as follows:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any questions of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status or other legal relations thereunder.
42 Pa.C.S. § 7533.

the Superior Court was faced with a situation analogous to this one. In that case, a motorist was involved in an automobile accident with another driver who was test driving a Cadillac owned by a car dealership. When both the Cadillac driver's insurance company and the car dealership's insurance company denied coverage, the motorist filed a declaratory judgment action to have the court construe these insurance policies. In affirming the trial court's conclusion that it lacked jurisdiction to hear the declaratory judgment action, the Superior Court stated:

> [Motorist has] ... failed to demonstrate any direct, substantial and present interest on their part in having the insurance contracts in question construed, as they have not yet obtained a judgment in the personal injury case against any of the appellees. Since the negligent party will not be determined until the outcome of that trial and appellees may not be found in any way liable, to seek a declaratory judgment to determine the duty of the insurers to pay is to seek to determine rights which may never occur. The events which might bring these parties into actual conflict are thus too remote to justify our resolution of this dispute by declaratory judgment.

*Avrich,* 367 Pa.Superior Ct. at 251, 252, 532 A.2d at 884.

In a case even more similar, *Boyle v. Commonwealth, Department of Transportation,* 151 Pa.Cmwlth. 430, 617 A.2d 70 (1992), this court addressed whether there was subject matter jurisdiction to address the damage limitation where there was not yet a final judgment. In *Boyle,* the motorist filed a personal injury action against the Department of Transportation for damages due to injuries he received in an accident. While the personal injury action was pending, the motorist also filed a declaratory judgment action seeking to have the damage limitation provision of Pennsylvania's sovereign immunity statute declared unconstitutional as a violation of his equal protection rights. Holding that the controversy was not yet ripe, this court sustained the Department of Transportation's preliminary objections, stating "[o]nly if [motorist] receives a final judgment against DOT in an amount greater that

the statutory cap will he be aggrieved and have standing to challenge the statutes which affect him so." *Boyle,* 617 A.2d at 72.

As in *Avrich* and *Boyle,* Administratrix has not yet obtained a judgment against the PLCB or DOT. As Administratrix admits in her brief, it is possible that both commonwealth parties may be found liable, only one of the commonwealth parties will be found liable, or neither of the commonwealth parties will be found liable. If only one or none of the commonwealth parties are found liable, there will be no need to construe the sovereign immunity statutes. Moreover, it is also possible that total damages could be less than $250,000.00, in which case, there also would be no need to construe the sovereign immunity statutes. Like in *Avrich* and *Boyle,* Administratrix seeks to have rights determined in her declaratory judgment action which may never occur. Because the courts have no jurisdiction to enter an advisory opinion as to whether there is one statutory cap or two available when two commonwealth parties are held liable, we are required to vacate the trial court's order and dismiss the matter.

### ORDER

AND NOW, this 11th day of March, 1996, the order of the Court of Common Pleas of Delaware County dated March 29, 1995, No. 94–10536, is vacated and this matter is dismissed.