IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Straban Township | : | |
| | : | |
| v. | : | No. 1935 C.D. 2015 |
| | : | Submitted: July 29, 2016 |
| Hanoverian Trust, Heywood Becker, | : | |
| Trustee and Lisa M. Phillips | : | |
| | : | |
| Appeal of: Heywood Becker | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: September 16, 2016

        Heywood Becker, *pro se*, appeals an order of the Court of Common Pleas of Adams County (trial court) denying, after remand, Straban Township's motion to compel Becker to obtain counsel to represent the Hanoverian Trust, one of the defendants in an injunction action filed by the Township. The trial court determined that Becker had not successfully conveyed his real property (the Property) to a valid trust and, thus, he was entitled to represent himself, individually, as owner of the Property. The trial court also held that Becker was free to convey the Property to a trust, but if he did so that trust would have to be represented by a licensed attorney. Becker contends the trial court erred by concluding the Property was not conveyed to the Hanoverian Trust and that he cannot represent the trust. We affirm in part and vacate in part.

This case began in 2013 when the Township filed a complaint to enjoin the Hanoverian Trust from operating a motel on the Property, located at 2440 Old Harrisburg Road, in Gettysburg, Pennsylvania.[1] The Township served the complaint upon Becker, who resides in a house on the Property, and upon Lisa M. Philips, who also resides on the Property.

According to the Township's complaint, the Property has been developed by two houses, a former motel and several mobile homes. In 2009, the motel housed tenants, which was not a permitted use in that zoning district. The Township instituted an enforcement action to enjoin the Hanoverian Trust's violation of the Zoning Ordinance, and it prevailed. Becker then requested the Township issue a certificate of a pre-existing legal non-conforming use, asserting that the motel was a lawful use of the land when it was constructed. After litigation, the Township's denial of the certificate was upheld. The Township then filed the instant injunction action to require the defendants to remove all persons presently residing in the motel. In response, Becker asserted that the Property was not being used as a motel but, rather, as a multi-unit residence, which use is permitted in the zoning district.[2]

Following a pre-trial conference, the Township filed a motion to compel the Hanoverian Trust to appoint an attorney to represent it in the injunction

---

[1] The Hanoverian Trust has recently been before this Court in a related zoning matter. In 2014, the Hanoverian Trust applied for a permit to convert the Property's motel rooms into apartments. The Township denied the permit. The Hanoverian Trust, by counsel, appealed and requested a variance. The Township's Zoning Board affirmed the denial, and the Hanoverian Trust appealed to this Court. In *Heywood Becker, Trustee of Hanoverian Trust and Hanoverian Trust v. Zoning Hearing Board of Straban Township*, (Pa. Cmwlth., No. 2092 C.D. 2015, filed August 26, 2016), we affirmed the Zoning Board.

[2] The trial court ordered the Township to provide notice to the tenants named by Becker.

hearing. Becker responded that, as trustee, he represented the Hanoverian Trust. The trial court granted the motion to compel, and Becker appealed to this Court.

This Court vacated the trial court's order and remanded the matter for lack of evidence. *Straban Township v. Hanoverian Trust*, (Pa. Cmwlth., No. 708 C.D. 2014, filed April 22, 2015). The record did not contain a complete copy of the Hanoverian Trust Agreement. Without the trust instrument, it could not be known whether the Property was its only asset or what type of trust the settlor had intended to create. Most importantly, it was unclear whether Becker was the sole trustee and sole beneficiary. Were Becker the sole trustee and sole beneficiary, then it was not a valid trust by reason of Section 7732(a)(5) of the Uniform Trust Act.[3] Accordingly, we directed the trial court to conduct an evidentiary hearing on whether the Hanoverian Trust was a valid trust and, if so, what type of trust was created by the Trust Agreement. Once the trial court made these findings, it could

---

[3] It states:

    (a) Requirements.**--**A trust is created only if:

        (1) the settlor has capacity to create a trust;

        (2) the settlor signs a writing that indicates an intention to create the trust and contains provisions of the trust;

        (3) the trust has a definite beneficiary or is:

            (i)    a charitable trust;

            (ii)    a trust for the care of an animal …; or

            (iii)    a trust for a noncharitable purpose, as provided in section 7739 (relating to noncharitable trust without ascertainable beneficiary …);

        (4) the trustee has duties to perform; and

        (5) *the same person is not the sole trustee and sole beneficiary of the trust*.

20 Pa. C.S. §7732(a) (emphasis added).

address the Township's motion to compel the appointment of counsel for the Hanoverian Trust.

On remand, the trial court held a hearing at which Becker was the sole witness. Becker testified that he has executed a number of trust agreements, and always lists his wife, Karen Becker, as the beneficiary. He created the Hanoverian Trust because he "needed to close with the [bank that] held the mortgage because, [he] acquired the property by way of buying the mortgage that covered it." Notes of Testimony, June 1, 2015, at 15-16 (N.T. __); Reproduced Record at 67-68 (R.R.__).[4] However, his wife, a citizen of Norway, was out of the country at that time. Because she was unavailable, he signed as trustee and beneficiary. Recognizing this was error, on March 8, 2014, Becker later assigned his beneficial interest in the Hanoverian Trust to his wife. Becker Exhibit No. 2.

Becker also submitted a complete, albeit unsigned and undated, copy of the Hanoverian Trust Agreement at the hearing. Becker Exhibit No. 1. The trial court noted that the pages of the Hanoverian Trust Agreement presented in the earlier hearing were dated September 3, 2003. Accordingly, the trial court decided that the effective date of the trust document identified as Becker Exhibit No. 1 was September 3, 2003.

Based on Becker's testimony and the Hanoverian Trust Agreement, the trial court found that Becker had intended to create a business trust. The Hanoverian Trust paid the trustee $100 per month in compensation to acquire, hold and manage the Property. A real property business trust authorizes the trustee to *inter alia*, receive title, invest or disperse receipts, earnings, rents or profits and

---

[4] Originally, Becker believed the obligees on the original mortgage would continue to pay. However, they were insolvent and deeded him the property in lieu of foreclosure. *Id.*

4

conduct any lawful business conveyed in the trust agreement. 15 Pa. C.S. §9502(a).[5] A business trust limits liability for the beneficiaries in the same way that a corporation limits the liability of its shareholders. 15 Pa. C.S. §9506(a)(1) ("Except as otherwise provided in the instrument, the beneficiaries of a business trust shall be entitled to the same limitation of personal liability as is extended to shareholders in a domestic business corporation."). Further, a trustee is not liable for the actions of the business trust. 15 Pa. C.S. §9506(a)(2) ("Except as otherwise provided in the instrument, the trustees of a trust, as such, shall not be personally liable to any person for any act or obligation of the trust or any other trustee."). A business trust is "a separate legal entity" and required "to be filed in the Department of State." 15 Pa. C.S. §§9502(c), 9503(a).

For purposes of legal representation, the trial court considered a business trust to be similar to a corporation. Pennsylvania Rule of Civil Procedure No. 2176 defines "corporation or similar entity" as

_____

[5] It states:

> (a) Creation.**--**Except as provided in the instrument, the trustee has the power:
>> (1) To receive title to, hold, buy, sell, exchange, transfer and convey real and personal property for the use of the business trust.
>> (2) To take, receive, invest or disburse the receipts, earnings, rents, profits or returns from the trust estate.
>> (3) To carry on and conduct any lawful business designated in the deed or other instrument of trust, and generally to do any lawful act in relation to such trust property that any individual owning the same absolutely might do.
>> (4) To merge with another business trust or other association, to divide or to engage in any other fundamental or other transaction contemplated by the deed or other instrument of trust.

15 Pa. C.S. §9502(a).

5

any public, quasi-public or private corporation, insurance association or exchange, joint stock company or association, limited liability company, professional association, *business trust*, or any other association which is regarded as an entity distinct from the members composing the association ….

Pa. R.C.P. No. 2176 (emphasis added).

The trial court thoroughly analyzed whether a non-attorney may represent a business trust. In the absence of direct precedent, the trial court analogized a business trust to a corporation, which is generally required to be represented by counsel. *See Westmoreland County v. RTA Group, Inc.*, 767 A.2d 1144, 1149 n.8 (Pa. Cmwlth. 2001) ("[I]n this Commonwealth, and elsewhere, ... non-attorneys may not represent corporations before Pennsylvania courts and most administrative agencies.").

The trial court next considered our Supreme Court's holding in *Harkness v. Unemployment Compensation Board of Review*, 920 A.2d 162 (Pa. 2007), which addressed the unauthorized practice of law and established factors for making this determination. Representation of another person is not likely the unauthorized practice of law where the proceedings are designed to be brief and informal in nature; the formal rules of evidence do not apply; the amount in controversy is not great; where prehearing discovery is not allowed; the legal issues involved are not complex; and the factfinder is not required to be an attorney. *Id.* at 168.

Because the Township sought to enjoin a violation of its Zoning Ordinance, it could not be said the proceeding would be brief or informal. Further, the rules of evidence would apply; the outcome of the litigation could have significant financial repercussions; the case would involve complex legal issues involving the interpretation of zoning regulations; and the factfinder would be a

6

judge, *i.e.*, someone required to be an attorney. The trial court held that under *Harkness* principles, the trust created by the Hanoverian Trust Agreement had to be represented by counsel.

However, the trial court concluded that the issue was moot. Because Becker created the Trust in 2003 and named himself sole trustee and beneficiary, a valid trust was never created. 20 Pa. C.S. §7732(a)(5).[6] Becker could not remedy this defect in the putative trust by transferring his interest to his wife a decade later.

In sum, the trial court found that Becker was the owner of the Property and was permitted to proceed *pro se* in the litigation in his individual capacity as owner. Alternatively, because it was Becker's intent to have the Property held in trust, he could create a new trust. In that case, the yet-to-be created trust would have to be represented by a licensed attorney.

Becker appealed to this Court.[7] First, he claims that the court erred in holding that the Hanoverian Trust was a nullity, despite his later assignment of the beneficial interest to his wife. Second, he claims that the Hanoverian Trust is not a business trust.

The principal issue in this case is the legal status of the Hanoverian Trust. Becker does not dispute that when he created that trust, he was the sole beneficiary and the sole trustee. Unquestionably, this is not a valid trust pursuant to Section 7732(a)(5) of the Uniform Trust Act. It specifically states "a trust is

---

[6] It states that "[a] trust is created only if ... the same person is not the sole trustee and sole beneficiary of the trust." 20 Pa. C.S. §7732(a)(5).

[7] When the issue before us involves a pure question of law, our standard of review is *de novo* and our scope of review is plenary. *Buffalo Township v. Jones*, 813 A.2d 659, 664 n.4 (Pa. 2002).

7

*created* only if … the same person is not the sole trustee and sole beneficiary of the trust." 20 Pa. C.S. §7732(a)(5) (emphasis added).  As treatise authority explains:

> A trustee may be a beneficiary of the trust as long as he or she is not the sole beneficiary, or if he or she is the sole beneficiary, not the sole trustee.
>
> Observation:
>
> Where a sole trustee is also the sole beneficiary, he or she owns both the legal and equitable interests in the res.  Because a trust requires a separation of the legal and equitable ownership of trust property, no trust is created.

11 SUMMARY OF PENNSYLVANIA JURISPRUDENCE "Probate, Estates, and Trusts," §30:22 (2d ed.) (July 2016 update) (internal footnotes omitted).  Because Becker did not create a valid trust, the issue of whether Becker may represent the non-trust is moot.  Likewise, Becker's second claim of error, *i.e.*, that the trust was not a business trust, is moot.

Becker does not question the trial court's determination that should a business trust for the Property be created, that trust must be represented by counsel.  However, this Court does question that determination.  Because the trial court addressed an issue not yet ripe for review, this impacts subject matter jurisdiction, an issue we may raise *sua sponte*.  *See Texas Keystone Inc. v. Pennsylvania Department of Conservation and Natural Resources*, 851 A.2d 228, 239 n. 17 (Pa. Cmwlth. 2004) (holding that lack of ripeness impacts subject matter jurisdiction, a matter to be raised *sua sponte* by the court).  Whether or not Becker will create a new trust is unknown, as is the question of whether this trust will be a business trust and, as such, required to be represented by a licensed attorney.

For its part, the Township requests that this Court decide the issue of whether a business trust must be represented by counsel.  It explains that "Becker

may attempt to do so with another trust of his own creation and trigger the identical question as is currently before the Court. It would well serve judicial economy to settle the question now." Township Brief at 11. We disagree.

As the trial court observed, there is no case precisely on point that addresses "the issue whether a trust or trustee need[s] to be represented by counsel before the courts of this Commonwealth." Trial Court Op. 9/2/15 at 5. There is no bright-line rule and no "all-encompassing statement of what activities comprise the practice of law." *Harkness*, 920 A.2d at 166. "[W]hat constitutes the practice of law [is determined] on a case-by-case basis." *Id*. Neither this Court nor the trial court has "the ability to grant any relief that is merely advisory, one that does not involve any case or controversy." *Brown v. Liquor Control Board*, 673 A.2d 21, 23 (Pa. Cmwlth. 1996). An action "may not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic." *Id*. An issue that "may" occur in the future "is not considered 'ripe' for judicial interpretation." *Id*.

Accordingly, we vacate the trial court's order to the extent it holds that a business trust must be represented by counsel. This is a question of first impression best addressed in the context of a live controversy. In all other respects, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge

Senior Judge Colins concurs in the result only.

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Straban Township | : | |
| | : | |
| v. | : | No. 1935 C.D. 2015 |
| | : | |
| Hanoverian Trust, Heywood Becker, | : | |
| Trustee and Lisa M. Phillips | : | |
| | : | |
| Appeal of: Heywood Becker | : | |

# **O R D E R**

AND NOW, this 16th day of September, 2016, the order of the Court of Common Pleas of Adams County, dated September 2, 2015, is AFFIRMED in part and VACATED in part in accordance with the attached opinion.

_____
MARY HANNAH LEAVITT, President Judge