IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin J. Lewis,                          :
                                         :
                    Appellant            :
                                         :
           v.                            : No. 180 C.D. 2019
                                         : Submitted:  September 27, 2019
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 20, 2020


           Kevin J. Lewis (Licensee) appeals the order of the Chester County
Court of Common Pleas (trial court) denying his appeal of, and reinstating, the
one-year license suspension imposed by the Department of Transportation, Bureau
of Driver Licensing (DOT), pursuant to Section 3804(e)(2)(i) of the Vehicle Code.[1]
We affirm.

---

[1] Section 3804(e)(1)(i) and (2)(i) of the Vehicle Code states:

    **(e)  Suspension of operating privileges upon conviction.—**

    (1)  [DOT] shall suspend the operating privilege of an individual
    under paragraph (2) upon receiving a certified record of the
    individual's conviction of[:]

**(Footnote continued on next page…)**

On March 23, 2017, Licensee was convicted of violating Section 3802(a)(1) of the Vehicle Code (Driving Under the Influence of Alcohol or a Controlled Substance (DUI)),[2] as an ungraded misdemeanor in the Lancaster County Court of Common Pleas (Lancaster County Court). On May 1, 2017, the Lancaster County Court's Clerk of Courts electronically transmitted a Form DL-21 to DOT notifying DOT of the conviction. *See* Reproduced Record (R.R.) at 10a-11a.[3] By May 9, 2017 letter, DOT notified Licensee of the suspension pursuant to

---

**(continued…)**

(i) an offense under section 3802 [(relating to driving under the influence of alcohol or a controlled substance).]

\* \* \*

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i) [] 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

75 Pa. C.S. §3804(e)(1)(i), (2)(i).

[2] Section 3802(a)(1) states:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a)(1).

[3] *See* Section 6323(1) of the Vehicle Code, 75 Pa. C.S. §6323(1) ("The clerk of any court of this Commonwealth, within ten days after final judgment of conviction . . . of charges under **(Footnote continued on next page…)**

2

Section 3804(e)(2)(i) of the Vehicle Code.  *See id.* at 6a-9a.  Licensee appealed to the trial court.

At the initial trial court hearing on June 7, 2018, Licensee's counsel obtained a continuance of the license suspension hearing to obtain an ignition interlock limited license from DOT.[4]  R.R. at 55a.  At the continued hearing on January 17, 2019, Licensee's counsel again sought a continuance to obtain an ignition interlock limited license for his client.  *Id.* at 63a.  However, the trial court denied the request and the hearing proceeded in Licensee's absence.  *Id.* at 65a, 66a.  Without objection, DOT offered into evidence a packet of documents, marked as Exhibit 1; Licensee's counsel stated that Licensee was not offering any evidence in support of his license suspension appeal.  *Id.* at 68a.  As stated by DOT's counsel at the hearing, Exhibit 1 is DOT's "certified record[] which contain[s] the official notice of suspension, [Licensee's] driving record, and [Licensee's] conviction record."  *Id.*[5]  Following the trial court's admission of the

---

**(continued…)**

any of the provisions of this title . . . shall send to [DOT] a record of the judgment of conviction[.]"); Section 81.4(a) of DOT's regulations, 67 Pa. Code §81.4 ("The clerk of a court of record of this Commonwealth, within 10 days after final judgment of conviction or acquittal or other disposition of charges under 75 Pa. C.S. (relating to [V]ehicle [C]ode), shall send to [DOT] a record of the judgment of conviction, acquittal or other disposition on Form DL-21.").

[4] Section 1556(f)(2)(ii) of the Vehicle Code states, in relevant part, "An individual whose license has been suspended under section 3804(e) . . . shall be eligible to apply for and, if otherwise qualified, be issued an ignition interlock limited license . . . if the individual . . . has served six months of the suspension imposed under section 3804(e)(2)(ii)[.]"  75 Pa. C.S. §1556(f)(2)(ii).

[5] Specifically, as part of Exhibit 1, DOT introduced a Form DL-21 indicating, *inter alia*, that it was electronically transmitted to DOT on May 1, 2017; that Licensee was convicted of violating Section 3802(a)(1) of the Vehicle Code on March 23, 2017; that he was not sentenced **(Footnote continued on next page…)**

3

documents, DOT rested its case.  *Id.*  DOT's counsel explained, "Based on what we have just offered into evidence, [Licensee] was convicted of Section 3802(a)(1), which carries the one-year suspension because there was an injury involved."  *Id.* at 69a.

Licensee's counsel "agree[d] that it's a records case," but did not "agree that it is so clear."  R.R. at 69a.  Counsel again raised an equal protection argument, asserting "that it seems that everyone who is convicted of a DUI in the State of Pennsylvania is in some way and at some time eligible for the ignition interlock device except for people in [Licensee's] position."  *Id.*  Counsel explained:

> Under the law, someone who is convicted of a general impairment DUI first offense would normally not be suspended.  The exception is under Section 3804(e)(2)(iv), I believe, an individual who was convicted of 3802(a)(1), but also was involved in an accident with injuries, such as what the documents here would reflect.
>
> These individuals do not seem to be included in the ignition interlock law – or [DOT's] ignition interlock fact sheet to be eligible at any time for an ignition interlock, and I think it was an oversight of the legislature.  The reason I think that is because someone who is convicted of a first offense DUI highest tier, someone with a .5 DUI is eligible for an ignition interlock immediately upon the suspension.  You don't have to wait six months or nine months like in other cases.  They're eligible immediately.

---

**(continued…)**

to prison; and that he was not sentenced under Section 3804(a)(1) of the Vehicle Code, 75 Pa. C.S. §3804(a)(1), which applies to first time offenders and does not require imprisonment as in the other subsections.  R.R. at 10a.

4

*Id.* at 70a. Counsel concluded, "The fact that he doesn't seem to be eligible raises an equal protection argument under the Constitution, and it's not right that he doesn't have that ability" because "he's being treated disproportionately than everyone else who gets a DUI in the Commonwealth." *Id.* at 71a.

Licensee's counsel also asserted that the Form DL-21 that DOT submitted "indicates under sentencing information that [Licensee] was not sentenced to jail, which would be inconsistent with the checkmark just below that where it says, was [Licensee] sentenced under Section 3804(a)(1). It says, no." R.R. at 80a. Counsel claimed that "it seems to be a little inconsistent," "argu[ing] that the report of the clerk is also deficient in that regard." *Id.*

Ultimately, the trial court rejected Licensee's claims, denied his appeal, and reinstated DOT's one-year license suspension. Licensee then filed the instant appeal.[6]

On appeal, Licensee first claims that the trial court erred in denying his appeal and reinstating the license suspension because the Form DL-21 was "inconclusive" and "inconsistent." Specifically, although the Form DL-21 correctly states that he was convicted of violating Section 3802(a)(1) of the Vehicle Code, it purportedly incorrectly states that he was not sentenced to prison because Section 3804(b)(1)(i) requires a mandatory term of imprisonment of not less than 48 consecutive hours where, as here, an accident results in injury or

---

[6] This Court's scope of review in a license suspension case is limited to determining whether necessary findings of fact are supported by competent record evidence and whether the trial court committed an error of law or abused its discretion. *Thorpe v. Department of Transportation, Bureau of Driver Licensing*, 214 A.3d 335, 337 n.1 (Pa. Cmwlth. 2019).

property damage.[7]  Further, Section 3804(e)(2)(iii) provides that "[t]here shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense."  75 Pa. C.S. §3804(e)(2)(iii).

However, as outlined above, the provisions of Section 3804(e)(2)(iii) are inapplicable herein,[8] and Licensee's driving privilege was properly suspended under Section 3804(e)(2)(i), based on the accident resulting in bodily injury.  The only issues in this case are whether the Lancaster County Court convicted Licensee and whether DOT acted in accordance with the applicable law, and DOT bears the initial burden to establish a *prima facie* case that the official record of conviction supports Licensee's suspension.  *Thorpe v. Department of Transportation, Bureau of Driver Licensing*, 214 A.3d 335, 337 (Pa. Cmwlth. 2019).  The fact that the Lancaster County Court's Clerk of Courts purportedly erred by checking a box on the Form DL-21 indicating that Licensee was not sentenced to prison in no way impugns the other necessary information contained therein establishing DOT's *prima facie* case and supporting its imposition of the instant one-year license suspension, *i.e.*, that he was convicted of violating Section 3802(a)(1) and that he was not sentenced under Section 3804(a)(1).  *See, e.g.*, *Department of*

---

[7] Section 3804(b)(1)(i) states, in pertinent part, "an individual who violates section 3802(a)(1) where there was an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property . . . shall be sentenced . . . [f]or a first offense, to . . . undergo imprisonment of not less than 48 consecutive hours[.]"  75 Pa. C.S. §3804(b)(1)(i).

[8] Section 3804(e)(2)(iii) states, in relevant part, "There shall be no suspension for an ungraded misdemeanor under section 3802(a) *where the person is subject to the penalties provided in subsection (a)* and the person has no prior offense."  75 Pa. C.S. §3804(e)(2)(iii) (emphasis added).  As outlined above, Licensee was subject to the penalties in Section 3804(b)(1)(i), and not subsection (a), due to the accident involving injuries.

6

*Transportation, Bureau of Driver Licensing v. Diamond*, 616 A.2d 1105, 1107 (Pa. Cmwlth. 1992), *appeal dismissed*, 652 A.2d 826 (Pa. 1995) ("[O]nce DOT has introduced, via a certified record, evidence of conviction, DOT has met its burden of production and established a rebuttable presumption that a conviction exists.").

The only deficiency in the Form DL-21 compelling the reversal of the instant suspension would have been the omission of such necessary information establishing a *prima facie* case to support the suspension. *See* Section 81.4(c) of DOT's regulations, 67 Pa. Code §81.4(c) ("[DOT] will not process the report of the clerk of court showing conviction or acquittal unless all the required information indicated in subsection (b) is provided to [DOT]. An *incomplete* Form DL-21 will be returned to the clerk of court for completion.") (emphasis added); *Thorpe*, 214 A.3d at 339 ("[P]ursuant to its regulations, DOT should not have processed the instant license suspension based upon the defective Form DL-21C that was submitted by the [trial c]ourt; rather, DOT should have returned the incomplete Form DL-21C to the [trial c]ourt for completion to include the 'Date of Disposition' of Licensee's 'Preadjudicative Disposition' of the instant charge.") (footnote omitted). In sum, the Form DL-21 relied upon by DOT and the trial court in this case contains the required information to support the instant license suspension and Licensee's allegation of error in this regard is patently without merit.[9]

---

[9] As noted by DOT, the authority to correct the information in the Form DL-21 is vested in the Lancaster County Courts. Indeed, as this Court has noted:

> The Clerk and [DOT] are each state government actors, but they belong to distinct and co-equal branches of government, independent of each other. *Mental Health Association in Pennsylvania v. Corbett*, 54 A.3d 100, 104 (Pa. Cmwlth. 2012)

**(Footnote continued on next page…)**

7

Finally, Licensee claims that the provisions of Section 1556 of the Vehicle Code authorizing DOT to issue ignition interlock limited licenses to specified individuals violates the Equal Protection Clause of the United States Constitution.[10] The trial court summarized Licensee's claim in this regard as follows:

> Licensee argues that other drivers who are convicted of lesser and also more serious offenses have the opportunity to obtain a restricted driver's license requiring an ignition interlock device but drivers, such as licensee, who are convicted of a violation of [S]ection 3802(a) of the Vehicle Code – general impairment – and who have their operating privilege[] suspended because they were involved in an accident while driving while impaired do not have that opportunity. Licensee posits that this result was an "oversight" by the legislature.

Trial Court 4/16/19 Opinion at 2.

---

**(continued…)**

> (quoting *Sweeney v. Tucker*, [375 A.2d 698, 705 (Pa. 1977)] ("A basic precept of our form of government is that the executive, the legislature and the judiciary are independent, co-equal branches of government.")). As such, "[t]he separation of powers doctrine provides that no branch of government should exercise the functions exclusively committed to another branch." *Id.* (quoting *Harrisburg School District v. Hickok*, 762 A.2d 398, 411-12 (Pa. Cmwlth.[), *aff'd*, 761 A.2d 1132 (Pa. 2000)]. [DOT] belongs to the executive branch, and the Clerk belongs to the judicial branch. Neither may control the other nor act as the agent for the other.

*Smires v. O'Shell*, 126 A.3d 383, 391 (Pa. Cmwlth. 2015).

[10] The Fourteenth Amendment states, in relevant part, "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1.

However, as argued by DOT, Licensee's constitutional claim is not ripe for our review because he has not applied for, and been denied, an ignition interlock limited license. As noted above, Section 1556(e) of the Vehicle Code provides, in pertinent part, "An individual whose operating privilege has been suspended . . . for a conviction of an offense under [S]ection 3802 . . . shall be eligible to apply for and, if otherwise qualified, be issued an ignition interlock limited license upon receipt of notice of the suspension[.]" 75 Pa. C.S. §1556(e). Additionally, Section 1556(f)(2)(ii) of the Vehicle Code states, in relevant part, "An individual whose license has been suspended under section 3804(e) . . . shall be eligible to apply for and, if otherwise qualified, be issued an ignition interlock limited license . . . if the individual . . . has served six months of the suspension imposed under section 3804(e)(2)(ii)[.]" 75 Pa. C.S. §1556(f)(2)(ii). Further, Section 1556(*l*)(1) provides, "Any individual who is denied an ignition interlock limited license . . . may file with [DOT] a petition for a hearing[, which] shall be conducted in accordance with [the Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704] (relating to administrative law and procedure)," and DOT's determination in this regard is subject to further review by this Court under Section 1556(*l*)(4), which states that "[a]n appeal from a decision of an administrative hearing officer may be taken in the manner provided in [Section 763(a) of the Judicial Code,] 42 Pa. C.S. §763(a) (relating to direct appeals from government agencies)." 75 Pa. C.S. §1556(*l*)(1), (4).

In *Boyle v. Department of Transportation*, 617 A.2d 70 (Pa. Cmwlth. 1992), the plaintiff filed a civil action against DOT for personal injuries that he sustained in a motor vehicle accident. While that action was pending, the plaintiff also filed a declaratory judgment action in this Court's original jurisdiction

9

challenging the constitutionality of the limitation on damages provided in Section 8528 of the Judicial Code, 42 Pa. C.S. §8528, as a violation of equal protection. We sustained DOT's preliminary objections, determining that the matter was not ripe for our disposition, stating, "Only if [the plaintiff] receives a final judgment against DOT in an amount greater than the statutory cap will he be aggrieved and have standing to challenge the statutes which affect him so." *Id.* at 72. *See also Brown v. Pennsylvania Liquor Control Board*, 673 A.2d 21, 23 (Pa. Cmwlth. 1996), in which this Court noted:

> While both this court and the trial court have the power to determine the statutory limits of liability of commonwealth parties, we do not have the ability to grant any relief that is merely advisory, one that does not involve any case or controversy. Any action, including a declaratory judgment action, may not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic. *Gulnac v. South Butler School District*, [587 A.2d 699, 701-02 (Pa. 1991)].

Because Licensee never applied for an ignition interlock limited license with DOT, and DOT did not deny the application, and DOT's determination in this regard was not affirmed on administrative appeal, and then affirmed by this Court on further appeal, Licensee's constitutional claim is not ripe for review. *Brown*; *Boyle*. As a result, the trial court did not err in denying Licensee's administrative appeal. *See Schenck v. Township of Center*, 893 A.2d 849, 853 (Pa. Cmwlth. 2006), *appeal dismissed*, 975 A.2d 591 (Pa. 2009) (holding

10

that this "Court may affirm the trial court for any reason so long as the basis of [the] decision is clear.").[11]

---

[11] Moreover, assuming that DOT would have denied Licensee's application for an ignition interlock limited license under the Vehicle Code, and that Licensee's administrative appeal thereof would have been denied, and that this Court would have affirmed DOT's determination on further appeal under the foregoing provisions, the purported classification excluding licensees convicted of DUI involving an accident causing bodily injury or property damage does not violate equal protection. As the Pennsylvania Supreme Court has explained:

> The essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly. However, it does not require that all persons under all circumstances enjoy identical protection under the law. The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs. The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. In other words, a classification must rest upon some ground of difference which justifies the classification and has a fair and substantial relationship to the object of the legislation.

*Curtis v. Kline*, 666 A.2d 265, 267-68 (Pa. 1995) (citations omitted).

As that Court also stated, it "has concluded that the suspension of operating privileges associated with a DUI conviction is a collateral civil consequence of the conviction, and has repeatedly stated that operating a vehicle is a privilege, not a right." *Probst v. Department of Transportation, Bureau of Driver Licensing*, 849 A.2d 1135, 1144 (Pa. 2004). "Therefore, the rational basis test is the equal protection standard against which [the ignition interlock requirements of the Vehicle Code are] to be measured." *Id.* The Court explained:

> In applying the rational basis test, we have adopted a two-step analysis. First, we determine whether the challenged statute seeks to promote any legitimate interest or public value. If so, we then determine whether the classification adopted in the legislation

**(Footnote continued on next page…)**

11

**(continued…)**

is reasonably related to accomplishing that articulated state interest or interests. In undertaking this analysis, we are free to hypothesize reasons the legislature might have had for the classification, and will not declare a genuine classification void even if we might question the soundness or wisdom of the distinction. Furthermore, we keep in mind that because a presumption of constitutionality attaches to any lawfully enacted legislation, the burden is upon the party attacking a statute to rebut the presumption of constitutionality by a clear, palpable, and plain demonstration that the rational basis test is not met.

*Id.* (citations omitted).

In *Commonwealth v. McCoy*, 895 A.2d 18, 35-36 (Pa. Super. 2006), *aff'd on other grounds*, 975 A.2d 586 (Pa. 2009), the Pennsylvania Superior Court considered a criminal defendant's equal protection challenge to the enhanced penalties in the Vehicle Code for those convicted of a DUI in which an accident involving bodily injury or physical damage has occurred. In rejecting this challenge, the court stated:

[The defendant] further contends the statute may treat offenders with the same [blood alcohol content (BAC)] levels differently based upon whether or not they were in an accident involving bodily injury or property damage, regardless of whether the accident was the individual's fault. *See* 75 Pa. C.S.[] §3804(b) (providing that an individual who violates [Section] 3802(a), General impairment, who would normally be subject to penalties found in [Section] 3804(a) General impairment, is placed in the "High rate of alcohol" classification under [Section] 3804(b) for penalty purposes, "where there was an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property. . . ."). Two drivers with the same BAC level may then be treated differently, one based upon the negligent acts of another. Similarly, [the defendant] contends that [Section] 3807(d)(3)(iii) increases the length of [an Accelerated Rehabilitative Disposition (ARD)] related suspension of driving privileges based upon whether there was an accident resulting in bodily injury or property damage, regardless of whether the accident was the DUI offender's fault. Surely the essential purpose of the DUI legislation is to prevent bodily injury and

**(Footnote continued on next page…)**

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

_____
**(continued…)**

property damage caused by drivers under the influence of drugs and alcohol. We speculate that the legislature may not have imposed a requirement that the DUI offender be determined to be at fault for the accident before enhancing penalties based upon an accident, because it may have concluded the individual, while not technically determined to be at fault, likely shares some of the blame due to his intoxicated state. Further, the legislature may not have deemed it necessary to engage in that line of inquiry. Put simply, if a person drives under the influence of drugs or alcohol and is in an accident involving bodily injury or property damage, the protection therefrom being the essential purpose of the DUI law, then that person has risked the harshest of penalties. Since we find these purposes to be genuine, we cannot declare this "classification" to be void.

*Id.*

Likewise, as applied in the instant matter, it is clear that the General Assembly and DOT could properly exclude from consideration for an ignition interlock limited license those individuals involved in an accident in which bodily injury or physical damage occurred. As indicated, the protection from "an accident involving bodily injury or property damage" is "the essential purpose of the DUI law," and is a proper basis upon which to distinguish a convicted DUI driver or to increase the sanctions imposed. *Id.* As a result, Licensee's purported exclusion from qualifying for an ignition interlock limited license under the Vehicle Code based upon his DUI conviction in which bodily injury occurred is not void as violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin J. Lewis,                   :
                                   :
              Appellant   :
                                   :
           v.               :  No. 180 C.D. 2019
                                   :
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Driver Licensing       :

# **O R D E R**

AND NOW, this 20th day of April, 2020, the order of the Chester County Court of Common Pleas dated January 17, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge